[Nos. 12892-2-I; 13425-6-I.   Division One.   February 10, 1986.]

NORTHWEST ADMINISTRATORS, INC., *Respondent*, v.
RUSH ROUNDY, *Appellant*.

*Salter, McKeehen, Gudger & Rabine, Lewis Lynn Ellsworth,* and *Carleton H. A. Taber,* for appellant.

*Davies, Roberts, Reid, Anderson & Wacker* and *Louis B. Reinwasser,* for respondent.

PETRIE, J.*—Rush Roundy, employer, d/b/a Rush Trucking and R & R Transportation, Inc., appeals the trial court's denial of his motion to set aside an order of default, motion for reconsideration, and motion to vacate an entry of default judgment regarding payment into a union trust fund. We affirm.

Rush Roundy is president of both Rush Trucking and R & R Transportation, Inc., the latter of which is now in bankruptcy. Roundy and Teamsters Local Union 148 (Union), represented by its secretary–treasurer, entered into a collective bargaining agreement which provided:

> This agreement shall be in full force and effect from January 1, 1981, until December 31, 1981, and shall automatically renew from year to year, provided, however, that should either party desire to change or terminate this Agreement they shall notify the other party sixty (60) days prior to the annual date of this Agree-

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

ment, provided, however, that either party may open this Agreement for the adjustment of wage scales only on thirty (30) days written notice.

The agreement required payment of contributions to various employee trust funds[1] administered by Northwest Administrators (Northwest). Under the agreement, the employer was to make monthly contributions to Northwest for those employees who worked beyond specified monthly hourly minimums. The agreement was signed by Roundy for Rush Trucking. However, the January and February 1982 contributions made by Roundy were drawn on an account in the name of R & R Transportation, Inc.

On October 8, 1981, the secretary–treasurer for the Union notified Roundy that the Union wanted to "open the existing agreement according to the terms of our present contract." Between October 8, 1981 and August 20, 1982, Roundy and the secretary–treasurer had "continuing discussions."

On August 20, 1982, Northwest served a summons and complaint on Roundy in an action to require him to provide it with an accounting of the hours for which he compensated his employees beginning March 1981. Roundy did not appear, and on October 11, 1982, the court entered an order of default. The court also ordered Roundy to provide an accounting of the employee contributions within 10 days. On October 19, 1982, this order was served on Roundy. Roundy failed to comply with the order directing the accounting. He also failed to explain to Northwest why he refused to comply.

On December 3, 1982, a certified copy of an order to show cause was served on Roundy. Upon receipt of this order, Roundy obtained counsel and received a continuance until January 7, 1983. On January 6, 1983, Roundy provided Northwest with the accounting. Judgment was subse-

---

[1]The Washington Teamsters Welfare Trust Fund, the Northwest Teamsters Dental Trust Fund, the Teamsters Vision Care Trust Fund, and the Northwest Employee Benefit Trust Fund.

quently entered on the basis of that accounting. Roundy's motion to vacate was denied. Roundy appealed.

On January 27, 1983, Roundy also moved under CR 55(c)(1) to set aside the October 11, 1982 default judgment. He contended that the previous failure to appear was due to Union assurances that its motion for default would be dropped. Roundy's motion was denied as was his motion for reconsideration. Roundy appealed to this court. Both appellate actions were consolidated here.

The first issue is whether the court properly denied Roundy's motion to set aside the default judgment.

CR 55(c)(1) provides that: "For good cause shown and upon such terms as the court deems just, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)." CR 60(b) provides that the court may relieve a party from a final judgment or order for reason of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or misrepresentation if the motion is made within a reasonable time, but not more than a year from the judgment.

■ The decision to set aside a judgment by default is within the sound discretion of the trial court. *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978); *White v. Holm*, 73 Wn.2d 348, 351, 438 P.2d 581 (1968). A 4–prong test is used to determine whether the trial court abuses its discretion when it fails to set aside a default judgment. *White,* at 357. Abuse of discretion exists when the appellant can show (1) that he had a prima facie defense to the opposing party's claim; (2) that his failure to appear and answer the opponent's claim was due to mistake, inadvertence, surprise or excusable neglect and not due to willful misconduct; (3) that he acted with due diligence after notice of entry of the default judgment; and (4) that the opposing party will suffer no substantial hardship if the default is vacated. *White,* at 352.

■ We hold simply that Roundy has failed to present a prima facie defense to Northwest's claim. Assuming solely

for the purposes of this appeal that the contract was terminated by the secretary–treasurer's notification, this does not mean that Roundy's defense against Northwest succeeds. Roundy has an obligation to contribute to the pension plan past the termination of the contract. An employer must by law continue payments until collective bargaining negotiations reach an impasse, despite language in 29 U.S.C. § 186 that payment into a trust fund is unlawful unless made pursuant to a written agreement. *Producers Dairy Delivery Co. v. Western Conference of Teamsters Pension Trust Fund,* 654 F.2d 625, 627–28 (9th Cir. 1981).

Because pension contributions are mandatory negotiation issues, impasse is not reached until express *written* notice to that effect has been given the union so that the union will know what might be lost if it fails to object and seek bargaining. *American Distrib. Co. v. NLRB,* 715 F.2d 446, 450 (9th Cir. 1983). An employer's discontinuance of pension contributions must be "'fully discussed or consciously explored'", and the union must have "'consciously yielded' its interest in the matter." *American,* at 450 (quoting *Tocco Div. of Park–Ohio Indus., Inc. v. NLRB,* 702 F.2d 624, 628 (6th Cir. 1983)). Oral notification is insufficient. *American,* at 450–51. Here, the record shows no written notification to the Union that Roundy was ceasing his contribution to the trust funds. Thus, he was obligated to make contributions until default judgment. Moreover, Roundy's own affidavit maintains that he and Union representatives held continuing talks until the default.

Roundy also argues this court should vacate the judgment awarding Northwest the $5,609.31 because the trial court never made a finding as to who the employer was pursuant to CR 54(b) (the court must make "express determination in the judgment" when fewer than all the parties are before it) and CR 55(b)(2) (the court must investigate and make findings of fact as to the truth of any averment). This argument is frivolous. The judgment ran against Rush Roundy, d/b/a Rush Trucking, only. No judgment was entered against R & R Transportation, Inc.

Pursuant to RAP 10.8, Roundy next attempts to raise for the first time on appeal the trial court's alleged lack of personal jurisdiction over him individually. He argues that the court's determination is void under CR 60(b)(5). Any defect in service of process is waived if the party does not raise the issue by motion or answer as required by CR 12(h)(1). *Violante v. White,* 26 Wn. App. 391, 392, 612 P.2d 828 (1980). Roundy did not do this, and thus he has waived any objection. *Lake v. Butcher,* 37 Wn. App. 228, 232, 679 P.2d 409 (1984).

██ Lastly, the 1980 amendment to 29 U.S.C. § 1132-(g)(2) of the Employee Retirement Income Security Act of 1976 makes the award of costs and attorney fees mandatory when the trustees prevail in an action to enforce or collect benefit fund contributions in district court. *San Pedro Fishermen's Welfare Trust Fund Local 33 v. Di Bernardo,* 664 F.2d 1344, 1346 (9th Cir. 1982). Thus, Northwest's request for costs and attorney fees is granted.

Judgment affirmed, and this cause is remanded to the trial court solely for the purpose of determining the reasonable amount of attorney fees on appeal.

SWANSON and WEBSTER, JJ., concur.