[No. 11576-3-III.   Division Three.   June 22, 1993.]

KENNEWICK IRRIGATION DISTRICT, *Respondent,* v. 51 PARCELS OF REAL PROPERTY, ET AL, *Defendants,* COMMONWEALTH INVESTORS, LTD., *Appellant.*

*Nathan A. Kirk* and *Heidlebaugh, Reinig, Kirk & Barber,* for appellant.

*Floyd E. Ivey* and *Westland, Liebler, Ivey, Larsen, Quigley & Hugill,* for respondent.

MUNSON, J. — Commonwealth Investors, Ltd., appeals the denial of its motion to vacate a default judgment of foreclosure in favor of Kennewick Irrigation District. Commonwealth contends it was entitled to relief from judgment based on its excusable neglect and the District's irregularity in obtaining the judgment. We reverse and remand to the trial court.

The District commenced this irrigation district foreclosure proceeding pursuant to RCW 87.06 by filing a certificate of delinquency for unpaid assessments on 51 parcels of real property. The certificate identified two parcels to which Commonwealth was a party in interest and for which the amount of delinquent assessments, costs, and interest totaled $893.68. The "notice of application for judgment foreclosing assessment liens", a summons and complaint were filed on May 31, 1990, and copies were served by regular and certified mail on those defendants for whom an address was known. The notice

and summons were published in the Tri-City Herald on June 7, pursuant to RCW 87.06.040.

Commonwealth responded by letter dated July 16, enclosing the relevant pages of the notice and a cashier's check for $893.68. The District's office manager, Stanton Case, sent a letter to Commonwealth on July 19 stating additional payment of $499.30 for title search, attorney fees, staff costs and interest was required. Commonwealth did not respond and on August 20 the District moved for an order and judgment of default, to be heard on August 30; notice was sent to Commonwealth.

Default judgment was entered August 30 foreclosing the assessments and costs as set forth in an attached exhibit which again indicated that the amount owing on the two Commonwealth parcels totaled $893.68. Mr. Case wrote to Commonwealth stating foreclosure judgment had been entered and unless additional costs of $508.24 were paid, the property would be lost. On November 15 the court entered an order setting the minimum sale price of the two parcels at $842.73 each. Mr. Case wrote to Commonwealth on November 16 advising the sale would be held November 30, 1990, and returning Commonwealth's cashier's check.

Commonwealth moved to vacate the default judgment on March 22, 1991. The motion was denied.

■ ■ Commonwealth contends denial of its motion to vacate the default judgment was an abuse of discretion. A motion to vacate is equitable in nature and default judgments are generally disfavored. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581-82, 599 P.2d 1289 (1979); *Calhoun v. Merritt*, 46 Wn. App. 616, 731 P.2d 1094 (1986). Thus, "the overriding concern of the courts is to do justice." *Calhoun*, at 620. The motion to vacate is reviewed for abuse of discretion. *Griggs*, at 582; *Calhoun*, at 619.

The relevant grounds for vacation of the judgment include "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order". CR 60(b)(1).

IRREGULARITY

■ Commonwealth claims the default judgment was the result of procedural irregularity.

Irregularities pursuant to CR 60(b)(1) occur when there is a failure to adhere to some prescribed rule or mode of proceeding, such as when a procedural matter that is necessary for the orderly conduct of trial is omitted or done at an unreasonable time or in an improper manner.

*Mosbrucker v. Greenfield Implement, Inc.*, 54 Wn. App. 647, 652, 774 P.2d 1267 (1989). A claim of irregularity is not controlled by the four factors applicable to cases involving excusable neglect. *Mosbrucker*, at 652.

When a defendant is served by publication or mail, CR 55(b)(3) requires "the plaintiff or his agent to be examined on oath respecting any payments that have been made . . ." before entry of a default judgment. The court's minute entry for the hearing on the District's motion for default discloses that no witnesses were presented. It is unlikely the judge would have signed findings of fact, which make no mention of payment, and entered an order of default, as he did, if he had been made aware of the fact Commonwealth had tendered a cashier's check several months earlier in payment of the amount stated in the complaint. *See Mosbrucker*, at 653; *Wilson v. Henkle*, 45 Wn. App. 162, 724 P.2d 1069 (1986). The irregularity provides a substantial basis for vacating the default judgment; the court abused its discretion in denying the motion to vacate.

Conceding the District was entitled to collect the additional interest accruing after the complaint was filed, Commonwealth contends there is no statutory basis for the District to demand attorney fees and additional costs. Under RCW 87.03.271, the lien for delinquent assessments includes "reasonable attorneys' fees, publication costs, costs of preparing certificates of delinquency, title searches, and the costs of foreclosure proceedings."

■ ■ To the extent a judgment exceeds the amount set forth in the complaint, it is void. *In re Marriage of Leslie*,

112 Wn.2d 612, 617-18, 772 P.2d 1013 (1989); *Columbia Vly. Credit Exch., Inc. v. Lampson*, 12 Wn. App. 952, 957, 533 P.2d 152, *review denied*, 85 Wn.2d 1018 (1975). If the amount of judgment is paid at any time before the day of the foreclosure sale, foreclosure proceedings must be abandoned. *See* RCW 87.06.050(2). RCW 87.06.040(1)(c) requires the summons and notice of foreclosure to set forth the amount of delinquent assessments and the amount of all costs accrued both before and after the preparation of the certificate of delinquency. This necessarily includes the costs of the title search, filing costs, and attorney fees to that date. *See* RCW 87.06.040. The District admitted at oral argument it had obtained a title report prior to filing the notice of delinquency and the summons and complaint. Having failed to include the cost of the title search, filing fees, and attorney fees in the complaint, the District was not entitled to demand payment therefor as a condition of abandoning the foreclosure.

■ Some legal costs which had been incurred prior to filing could have been included within the complaint but were not. There is no evidence the District incurred additional costs between the time the complaint was filed and the time Commonwealth tendered payment. Also, the cost of the District's regularly employed staff is not included within the statute but was included in the costs incurred as a result of the delinquency. This was error.

Reversed and remanded for consideration of Commonwealth's claim of irregularity and the potential defense of actual payment.

SHIELDS, C.J., and THOMPSON, J., concur.

Review denied at 122 Wn.2d 1027 (1993).