IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re Heidi Rachael Silver | ) | |
| | ) | No. 34344-8-III |
| nka Heidi Rachael O'Day, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| Matthew Benjamin Silver, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, C.J. — Appellant Heidi O'Day prevailed on a petition to order her

former husband to pay postsecondary education support for the former couple's daughter.

O'Day, nonetheless, challenges procedural aspects of the trial court's ruling in response

to her petition, including the trial court's reallocation of an income tax exemption for the

daughter to her ex-husband, Matthew Silver. We agree with O'Day and vacate the

reallocation. We decline to address many other assignments of error because our

vacation of the reallocation order moots the other assignments or O'Day fails to submit

legal authority supporting her contentions.

FACTS

This appeal concerns a 2015 modification to a 2002 divorce decree. We begin with the parties' 2002 divorce decree and 2014 modifications to the decree.

Matthew Silver and Heidi Silver, now Heidi O'Day, divorced in 2002 when their children Alyssa and Christian were respectively six and three years of age. The children thereafter primarily resided with their mother. A 2002 order directed Matthew Silver to pay $387 per month for child support. Support would end when "the child(ren) reach(es) the age of 18 or as long as the child(ren) remain(s) enrolled in high school, whichever occurs last." Clerk's Papers (CP) at 5. The order reserved in Heidi, the right to petition for postsecondary education support, provided she exercised the right before support terminated. The order of child support also awarded to Heidi the federal income tax dependency deduction available for Alyssa and to Matthew the deduction available for Christian.

Heidi Silver thereafter married Jonathan O'Day. She works as an investigator for the Washington State Human Rights Commission.

On July 31, 2014, at the request of the Spokane County Prosecuting Attorney's Office, the trial court modified the 2002 child support order because of an increase in income of Matthew Silver. Alyssa was then seventeen years old and Christian was fifteen years of age. The 2014 order directed Silver to pay $420.50 per month per child or a total of $841.00 per month. Silver's obligation to pay child support for Alyssa would

2

terminate on June 30, 2015, except that Heidi O'Day could petition for postsecondary education support before Alyssa graduated from high school. The order granted Silver a tax deduction for Alyssa and Christian for the year 2014 and for Christian in subsequent years. The order awarded O'Day the income tax deduction for Alyssa beginning in 2015.

PROCEDURE

We move to the lengthy and convoluted procedure following Heidi O'Day's petition for postsecondary education support, which procedure gives rise to this appeal. On June 3, 2015, Heidi O'Day filed her petition for modification of support and declaration in support of her petition. The petition requested that Matthew Silver be ordered to pay postsecondary educational support for Alyssa Silver beyond her eighteenth birthday and pay Alyssa's uninsured medical expenses. O'Day not only served the petition and declaration on Matthew Silver, but also a summons for modification of child support that required him to file a written response and financial declarations within twenty days or the court might, without further notice, enter a default judgment against him and award the relief requested in the petition.

Three months later and on September 10, 2015, Matthew Silver filed a response to Heidi O'Day's petition for modification of child support. The response objected to the extension of support beyond Alyssa's eighteenth birthday.

On September 18, 2015, Heidi O'Day filed a notice complaining of Matthew Silver's delay in filing financial disclosures. Silver was seventy-three days late according

3

to the summons earlier served on him. Silver received discovery from O'Day on October 9, 2015. O'Day filed a financial declaration on October 14, 2015.

On October 15, 2015, Matthew Silver filed a request for full access to Alyssa's postsecondary education records and accounts under RCW 26.19.090(4). Silver commented that his request might be fulfilled by Heidi O'Day sharing the account name and password for Alyssa's online school records. O'Day responded by noting that she and Alyssa would provide school records, but were reluctant to provide unfettered access to Alyssa's school accounts.

On October 26, 2015, pro tem Court Commissioner Wendy Colton conducted the postsecondary support modification hearing. At the hearing, pro se Heidi O'Day presented a motion for sanctions for abuse of process. O'Day did not inform Matthew Silver's counsel of the motion prior to hearing. Silver remarked that he did not receive timely service of the motion and so either the court should grant a continuance or decline to consider the motion. O'Day responded that indisputable facts from court pleadings supported the motion such that the motion required no response. The court commissioner gave O'Day the choice of completing the postsecondary education support hearing on October 26 and strike the motion for sanctions or continuing the case for two weeks and argue the request for postsecondary support and the motion for sanctions then. O'Day opted to complete the postsecondary support hearing that day.

As she began her argument for postsecondary education support for Alyssa, Heidi

4

O'Day complained about Matthew Silver's tardy conveyance of his financial disclosures. She requested that the trial court strike Silver's financial declaration because he served his financial disclosures on October 16, 2015, one hundred and one days late and on her birthday. O'Day protested that Silver's declaration included untrue information, and she offered to rebut any of the information in the declaration if the commissioner intended to consider that information. The court commissioner responded: "I'm really interested in the numbers." Report of Proceedings (RP) at 8.

Matthew Silver, through counsel, protested that any delay in disclosing financial information resulted from attempts to settle and the need to answer extensive interrogatories served by Heidi O'Day on Silver. Silver craved an opportunity to remain involved in Alyssa's life. Nevertheless, Silver requested that the court commissioner deny O'Day's application for payment of postsecondary education support. He noted that Alyssa held a part-time job and could pay for living expenses. Silver stated he would continue to provide voluntary monetary gifts to his daughter.

Near the end of the October 26, 2015, hearing, the pro tem court commissioner observed that Alyssa's college expenses would total $9,123 per year. The court ordered Alyssa, Heidi O'Day, and Matthew Silver to equally share the burden of education costs, with Silver paying O'Day $3,041 through Alyssa's credit union account. The court also directed Alyssa, who would attend Eastern Washington University, to supply her father with her attendance records and her academic transcript within one week of the posting of

5

the grades. The trial court assigned Matthew Silver's counsel the task of drafting an order memorializing the commissioner's ruling.

But the court commissioner's ruling did not end the October 26 hearing. Matthew Silver's counsel asked:

> MR. GOBEL: I guess there was one more question. That is of the dependent child—dependent exemption. I know that the IRS rules are different nowadays than they were years ago and that the parents can still claim a child through the postsecondary education years, so if my client's going to be supporting Alyssa jointly for the next two years, he'd at least like at least one year to claim her as well.
> THE COURT: If Alyssa is not claiming herself, not needing that exemption for herself, I'll allow each parent to have one year.

RP at 34-35. The ruling did not identify which year the respective parents could claim the income tax deduction. Heidi O'Day did not respond to either Silver's counsel's request or the court commissioner's ruling. The court commissioner's ruling modified the July 2014 order that granted O'Day all deductions for Alyssa beginning in 2015.

On October 30, 2015, Heidi O'Day filed a document titled "Notice and Objection." The pleading assumed that the court commissioner awarded Silver the tax deduction for Alyssa for the tax year 2015. In the pleading, O'Day argued that the commissioner failed to give her an opportunity to address the award of the exemption for Alyssa, and the award of the exemption would create an undue burden. O'Day did not schedule a hearing for consideration of her objection.

On November 2, 2015, Matthew Silver filed a motion to strike, motion for fees

6

and sanctions, and motion for shortened time. Silver moved the court to strike O'Day's notice and objection and requested attorney fees and sanctions for responding to a frivolous pleading. Silver argued that the notice and objection was a veiled motion for reconsideration without sufficient basis for doing so. Silver also filed a proposed findings of fact, conclusions of law and child support order to reflect the court commissioner's oral ruling on the petition for postsecondary education support. On November 3, 2015, the Spokane County Superior Court family law coordinator informed Heidi O'Day by letter that the court received a proposed order from Matthew Silver and that she could submit her own proposed documents if she disagreed with Silver. On November 13, O'Day filed her own proposed order of child support for review by the court commissioner. She signed the last page of her proposed order.

On November 18, 2015, the pro tem court commissioner signed the findings and conclusions on petition of child support as presented by Matthew Silver's counsel. The commissioner also signed Silver's proposed final order of child support. The order granted the tax exemption deduction for Alyssa to Silver in 2015 and to Heidi O'Day in 2016. O'Day's signature did not appear on the final order on the same page as the commissioner's signature but on a duplicate of the parties' signature page. Unlike the rest of the final order, the signature page with O'Day's signature did not list Matthew Silver's counsel and his contact information in the bottom right corner. On November

7

20, 2015, the superior court family law coordinator e-mailed Heidi O'Day a notification that the commissioner entered its final order on postsecondary support.

On November 24, 2015, Heidi O'Day filed a motion for reconsideration and motion to strike notice and objection without oral argument. In this pleading, O'Day averred that she never signed Matthew Silver's proposed order. She only signed her own proposed order. She identified that the final order contained a signature page for an order to which she never agreed:

> **THIS SIGNATURE PAGE IS FROM MY PROPOSED ORDER, AND CLEARLY IS DIFFERENT THAN TERRY GOBEL'S ORDER. THIS IS A SEVERE ERROR THAT REQUIRES CORRECTION, OR IT BECOMES A CRIMINAL ACT, ACCORDING TO RCW 42.202.040 AND RCW 42.20.050. THIS ERROR COULD FUNDAMENTALLY DAMAGE MY ABILITY TO REQUEST A REVISION OR AN APPEAL, AS IT APPEARS EITHER BY FRAUD OR ERROR THAT I AGREED TO THIS ORDER, WHEN I DID NOT.**

CP at 74 (alterations in original).

In her November 24 pleading, Heidi O'Day requested that the court commissioner reconsider the decision to permit Alyssa to provide registration records instead of attendance records, permit Alyssa fourteen calendar days instead of seven to provide registration and grade information to Silver, and grant O'Day the 2015 income tax exemption for Alyssa as provided in the July 31, 2014 child support order. O'Day also moved to strike her October 30 notice and objection pleading, without oral argument.

8

On January 22, 2016, Matthew Silver filed a notice of a presentment hearing for an order denying Heidi O'Day's motions to strike and motion for reconsideration. The proposed order (1) granted Silver attorney fees and costs due to O'Day's frivolous pleadings in the amount of $500, (2) denied O'Day's motion for reconsideration, motion to strike, and all other pending motions by O'Day, (3) granted Silver's motions to deny reconsideration, strike pleadings, and grant sanctions, and (4) imposed a screening process requiring O'Day to submit to the superior court's ex parte department all future petitions, motions, or pleadings seeking relief. On January 29, 2016, Heidi O'Day moved for an order for change of judge and alleged that she could not receive a fair and impartial trial before pro tem Court Commissioner Wendy Colton.

On February 3, 2016, Court Commissioner Wendy Colton conducted a presentment hearing on Matthew Silver's January 22 proposed order. Although Silver noted this hearing as a presentment hearing, the hearing primarily addressed Heidi O'Day's motion for reconsideration. Matthew Silver argued that the parties tried the question of the tax deduction by consent during the October 26, 2015 hearing. O'Day responded that she never asked for a modification of the award of tax exemptions from the October 2014 order and Silver never requested, in advance of the October 2015 hearing, a modification of the deduction allocations. The court commissioner asked Silver if he addressed the tax exemptions in his response to O'Day's petition. Silver could not find any reference to the tax exemptions in his response. When resolving the

9

motion for reconsideration with regard to the tax exemption reallocation, the

commissioner stated:

> I do recall that the tax exemption was argued on October 26, 2016
> (sic). I recall that Ms. O'Day made an objection to that indicating that she
> did not have enough time to provide the Court with information regarding
> her position on that. However, what I did was indicate that if Alyssa—
> because I was making her partially responsible for her tuition, if she was to
> work herself and such that her W-2 earnings would allow her to file her
> own tax return, that neither parent would be claiming her as a deduction
> and I still want that to occur.

RP at 61. Nevertheless, Heidi O'Day never objected or responded to Matthew Silver's

request during the October 26 hearing.

During the February 3, 2016 hearing, Matthew Silver requested an award of

reasonable attorney fees because of Heidi O'Day's frivolous motions. O'Day responded

that bad faith is not grounds for an award of attorney fees and that her filings were not

frivolous.

On February 3, 2016, at the close of the hearing, the court commissioner granted

Matthew Silver $500 in attorney fees, denied in part and granted in part O'Day's motion

for reconsideration, and affirmed its award of the 2015 income tax deduction to Silver.

The commissioner noted that the motion for reconsideration was not frivolous but "I am

going to stand by the fee award of $500, based on, you know, balancing the equities and a

lack of foundation for some of the motions that Mr. Silver did have to respond to." RP at

68. The partial grant of reconsideration allowed Alyssa fourteen, instead of seven, days

10

to provide enrollment information and grades and attendance records. The commissioner refused to rule on Silver's request that the court require O'Day to submit to a court screening process before filing further pleadings.

At the end of the February 3 hearing, the court commissioner granted the motion for reconsideration to the extent Heidi O'Day requested relief from her signature being attached to the November 18, 2015, order granting postsecondary education support. The court commissioner observed that O'Day's signature page should not have been attached to the order. Nevertheless, the court's written order filed on February 3 included no mention of the signature page.

On February 12, 2016, Heidi O'Day petitioned a superior court judge to revise the court commissioner's February 3 ruling. In her revision motion, O'Day argued (1) the court commissioner committed error when awarding $500 in attorney fees because the commissioner did not consider financial resources and speculated regarding costs Matthew Silver incurred without requiring bills or documentation of Silver's costs, (2) the attorney fee award was not a valid sanction under CR 11, (3) the commissioner's February 3 written order failed to reflect the court's oral bench ruling because it did not address the tax exemption issue, (4) modification of the October 2014 order regarding tax exemptions was procedurally improper because Silver never requested the reallocation of exemptions before the October 26, 2015 hearing, (5) the court commissioner failed to determine whether Alyssa Silver was a dependent of O'Day for purposes of 2015 federal

11

income taxes, (6) the court commissioner practiced law from the bench by arguing the tax awards herself, (7) the trial court did not hold Silver's counsel to the same standards as O'Day, and (8) the trial court allowed the improperly filed signature page to persist. O'Day requested costs and compensation for loss of her annual leave, an order of "judicial estoppel" that precluded Terry Gobel, counsel for Matthew Silver, from continually changing his position, and sanctions against Gobel and Silver. CP at 106.

On March 3, 2016, pro se Heidi O'Day and Terry Gobel, on behalf of Matthew Silver, appeared before a Spokane County superior court judge to argue O'Day's motion to revise the commissioner's ruling. O'Day presented argument regarding the commissioner's requirement that she pay $500 in attorney fees. When O'Day next discussed revision of the tax deduction reallocation by the court commissioner, the trial court commented that the only ruling on which O'Day sought revision was the ruling awarding Silver $500 in attorney fees. O'Day responded that the February 3 order did not address the issue of the misfiled signature page. At the conclusion of her presentation, O'Day requested that the trial court correct the alleged errors of (1) the improper imposition of $500 in attorney fees, (2) the failure to hold Terry Gobel accountable for rules violations, (3) modifying the tax exemptions as allocated in the 2014 order by Commissioner Anderson, and (4) failing to reform the attachment of O'Day's signature page to the November 18 final order.

During Matthew Silver's counsel's rebuttal argument, the superior court judge

12

questioned whether Washington case law supported Silver's contention that intransigence supported an award of attorney fees. Silver's attorney responded that a panoply of cases addressed intransigence. The court then asked counsel that, if granted time, could counsel provide a case to support counsel's position. Despite initially asking Silver's counsel if he could provide legal authority, the superior court judge affirmed the court commissioner except as to the imposition of fees. The superior court concluded that RCW 26.09.140 did not support an award of fees because the financial declarations evidenced Heidi O'Day's inability to pay.

## LAW AND ANALYSIS

On appeal, Heidi O'Day assigns twelve errors to the court commissioner's and superior court judge's rulings. The assignments of error do not distinguish between court commissioner and superior court judge rulings, however. The assignments follow. The trial court erred when granting both children's tax exemptions to Matthew Silver for 2015. The trial court erred when retaining the court order with her signature attached when the attachment violates RCW 42.20.040 or RCW 42.20.050 and when the trial court ordered the signature page stricken. The trial court erred when failing to respond to O'Day's request for reconsideration without any response, and instead conducting an undocketed presentment hearing requested by Silver's counsel. The trial court erred when allowing Silver's counsel to draft orders after counsel allegedly committed misconduct. The trial court, presumably the superior court judge, erred in upholding the

13

decision regarding tax exemptions when O'Day lacked notice and when Silver failed to present reasons for the reallocation. The trial court erred in imposing higher standards of conduct on Heidi O'Day than imposed on Matthew Silver's counsel. The trial court erred when refusing to impose corrective action on Silver's counsel for failing to timely provide financial records for his client in violation of RCW 26.09.175(4). Court Commissioner Wendy Colton erred when refusing to recuse herself. The trial court, presumably the court commissioner, erred by not honoring the American Rule when awarding Matthew Silver attorney fees. The superior court judge erred, during the hearing on the motion for revision, when declaring that the motion only sought a reversal of the attorney fee award. The trial court erred when affording Matthew Silver's counsel an opportunity to research whether intransigence constituted grounds for awarding of attorney fees. Finally, ongoing procedural irregularities violated O'Day's due process rights. In our analysis, we rearrange the order of some of the assignments of error.

*Issue 1: Whether the trial court erred when allowing Matthew Silver to claim a dependency tax deduction for Alyssa on Silver's 2015 taxes?*

*Answer 1: Yes.*

Heidi O'Day contends the court commissioner erred in awarding Matthew Silver the tax exemption for Alyssa Silver for 2015 because (1) the 2014 order of child support apportioned that exemption to O'Day, (2) her petition for modification of postsecondary education did not request modification of the tax exemption apportionment, (3) Silver did

14

not request reapportionment of tax exemptions until the end of the hearing regarding postsecondary education support, and (4) the commissioner granted Silver's request without allowing O'Day an opportunity to respond. O'Day also questions whether the court commissioner had an opportunity to review the entire case file before the October 26 support modification hearing. Silver responds that O'Day's argument is meritless because reapportionment of the exemption award was within the commissioner's discretion under RCW 26.19.100. Silver also argues that the court commissioner did not commit error because O'Day failed to object to the reapportionment of the exemption and her later notice and objection pleading complaining of the deduction reallocation lacked any legal authority. We address now O'Day's contention that she lacked advanced notice of the request for the restructuring of the tax deduction for Alyssa.

The parties focus on the court commissioner's ruling without observing that the superior court judge reviewed the commissioner's ruling. All commissioner rulings are subject to revision by the superior court. RCW 2.24.050. On revision, the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based on the evidence and issues presented to the commissioner. *In re Marriage of Moody*, 137 Wn.2d 979, 993, 976 P.2d 1240 (1999). Appellate courts review the superior court's ruling, not the commissioner's ruling. *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004).

15

Tax exemptions for dependent children are generally considered an element of child support. *In re Marriage of Peterson*, 80 Wn. App. 148, 156, 906 P.2d 1009 (1995). Typically under the federal tax code, the custodial parent is entitled to the dependency exemption. *In re Marriage of Peacock*, 54 Wn. App. 12, 14, 771 P.2d 767 (1989). Nevertheless, RCW 26.19.100 provides:

> **Federal income tax exemptions**
> The parties may agree which parent is entitled to claim the child or children as dependents for federal income tax exemptions. The court *may* award the exemption or exemptions and order a party to sign the federal income tax dependency exemption waiver. The court *may* divide the exemptions between the parties, alternate the exemptions between the parties, or both.

(Emphasis added.) Use of the word "may" in the statute denotes that the trial court possesses discretion when apportioning dependent tax exemptions.

Heidi O'Day assigns error on procedural grounds to the trial court's modification of the 2014 child support order as to the assignment of the 2015 dependency exemption for Alyssa because O'Day's petition did not request modification of the exemptions and thus the subject remained outside the scope of the October 26, 2015 support modification hearing. Case law disagrees. Once a basis for modification has been established, a court may modify the original order in any respect, which includes granting the relief requested by the respondent. *In re Marriage of Scanlon & Witrak*, 109 Wn. App. 167, 171-72, 34 P.3d 877 (2001). Thus, the court commissioner could modify any child support provision requested, if properly requested by Matthew Silver.

16

We must determine whether Matthew Silver properly requested the reapportionment of the dependent tax exemption for Alyssa in 2015. Heidi O'Day objects to Silver requesting the reapportionment of the tax exemption near the end of the October 26 hearing. She also relatedly questions the court commissioner's grant of the request without argument and without prior notice to her.

In order for this court to address Heidi O'Day's challenge, we must untangle the confusing journey of the tax exemption apportionment. On July 31, 2014, another court commissioner, in the order of child support, awarded O'Day the tax exemption for Alyssa for 2015 and subsequent years and awarded Matthew Silver the tax exemption for Alyssa and Christian for 2014 and for Christian in 2015 and subsequent years. The case's next reference to the exemptions arises at the end of the October 26, 2015, support modification hearing. After the commissioner granted O'Day's request for postsecondary support for at least two years, Silver's counsel asked that Silver receive the dependency exemption for at least one of the years.

Matthew Silver had never earlier requested a modification of the tax exemption apportionment. The court commissioner, during the October 26 hearing, did not afford Heidi O'Day an opportunity to respond to Silver's request. The commissioner announced no justification for the modification of the exemption. Heidi O'Day provided as much support to Alyssa, and Silver already received the exemption for Christian.

17

Heidi O'Day did not object to the modification of the tax exemptions during the October 26 hearing. Instead, on October 30, 2016, O'Day filed a document titled "Notice and Objection," in which she argued that the court commissioner failed to give her an opportunity to address the change in the award of the 2015 tax exemption for Alyssa. She also maintained that the grant of the exemption to Matthew Silver would impose an undue burden on her. Silver moved to strike O'Day's notice and objection, and requested attorney fees and sanctions for O'Day's purported frivolous pleading. On November 18, 2015, the court commissioner signed and filed the final order reflecting its October 26 ruling. The commissioner apparently concluded that O'Day agreed to the contents of the order and filed it as an agreed order, despite O'Day never agreeing to its contents.

The tax exemption apportionment next appears in the record during the February 3, 2016, presentment hearing when the court commissioner resolved Heidi O'Day's motion for reconsideration. On February 3, O'Day argued the commissioner erred in awarding Matthew Silver the 2015 exemption for Alyssa Silver. Counsel for Matthew Silver argued that O'Day earlier argued against the exemption modification. Therefore, according to Silver, the parties addressed the subject by consent as allowed by court rules. O'Day responded that she never mentioned the tax exemption allocation in her paperwork and Silver "sprung" his request for a change at the end of the October 26 hearing. RP at 56. The commissioner, without granting O'Day an opportunity to address

18

the merits of the reassignment of the exemption, affirmed the October 26 decision to award Silver the 2015 tax exemption.

With continued dissatisfaction, Heidi O'Day requested revision of the court commissioner's decision by a superior court judge. In her revision motion, O'Day argued both procedural error and that the commissioner failed to determine whether Alyssa was a dependent of O'Day for purposes of 2015 federal income taxes. She also sought reversal of the court commissioner's grant of $500 in attorney fees to Matthew Silver. During the revision hearing, O'Day first addressed the award of fees. Then, when she began discussing revision of the tax exemption allocation by the commissioner, the superior court judge interrupted and stated that the award of fees was the only ruling before him for revision. The superior court judge failed to note that O'Day asserted multiple challenges, including the tax exemption allocation, in her motion for revision. The superior court judge did not revise the commissioner's ruling regarding the tax exemption.

We vacate the 2015 tax exemption reallocation to Matthew Silver because of many procedural errors. First, Matthew Silver failed to request the tax exemption relief in any pleading filed before the October 26, 2015, hearing. Second, the court commissioner allowed Silver, during the October 26 hearing, to request the tax exemption modification, but did not afford Heidi O'Day an opportunity to respond. At the same time, the court commissioner did not allow O'Day to seek sanctions against

Matthew Silver's attorney because she gave no advance notice. Third, the court commissioner filed an order modifying the tax exemptions mistakenly believing that O'Day agreed to the order. Fourth, at the February 3, 2016, hearing, the court commissioner mistakenly recalled allowing O'Day an opportunity to rebut Silver's exemption modification request and relied on this mistake when affirming the October 26 decision. Fifth, at the revision hearing, the trial court mistakenly believed the issue of the tax exemption reapportionment was not subject to review.

CR 15(b) provides, in part,

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

CR 15(b); *Reichelt v. Johns-Manville Corp.*, 107 Wn.2d 761, 766, 733 P.2d 530 (1987). In determining whether the parties impliedly tried an issue, an appellate court will consider the record as a whole, including whether the issue was mentioned before the trial and in opening arguments, the evidence on the issue admitted at the trial, and the legal and factual support for the trial court's conclusions regarding the issue. *Federal Signal Corp. v. Safety Factors, Inc.*, 125 Wn.2d 413, 435-36, 886 P.2d 172 (1994); *Dewey v. Tacoma School District No. 10*, 95 Wn. App. 18, 26, 974 P.2d 847 (1999). Amendments under CR 15(b) cannot be allowed if actual notice of the unpleaded issue is not given, if there is no adequate opportunity to cure surprise that might result from the change in the pleadings, or if the issues have not in fact been litigated with the consent of

20

the parties. *Harding v. Will*, 81 Wn.2d 132, 137, 500 P.2d 91 (1972).

> Irregularities pursuant to CR 60(b)(1) occur when there is a failure to adhere to some prescribed rule or mode of proceeding, such as when a procedural matter that is necessary for the orderly conduct of trial is omitted or done at an unreasonable time or in an improper manner.

*Kennewick Irrigation Dist. v. 51 Parcels of Real Prop.*, 70 Wn. App. 368, 371, 853 P.2d 488 (1993) (quoting *Mosbrucker v. Greenfield Implement, Inc.*, 54 Wn. App. 647, 652, 774 P.2d 1267 (1989)).

We conclude, after analyzing the factors identified in *Harding*, that the court commissioner erred in considering and granting Matthew Silver's request for the modification of the tax exemption apportionment. Silver provided no actual notice of his unpleaded request before the hearing. Although the record contains vague references that the parties discussed tax exemptions during settlement negotiations, those negotiations were confidential, and we have no evidence of their content. Without notice of Silver's tardy request, Heidi O'Day lacked an opportunity to intelligently gather evidence, research the law, or prepare an argument. Silver emphasizes that O'Day never objected at the October 26 hearing, but, without notice of the reallocation request, O'Day lacked an opportunity to assemble arguments to challenge the request. O'Day never consented to litigate Silver's request. She never responded to the request at the October 26 hearing. When requesting the exemption reallocation at the hearing, Matthew Silver presented

21

only a misguided reason for the change. The court commissioner failed to mention a reason, let alone an acceptable reason, for the ruling modifying the exemption allocation.

Although we review the superior court's ruling, not the court commissioner's order, we note that the superior court's ruling stems from the court commissioner's error. The superior court also mistakenly concluded that Heidi O'Day failed to seek revision of the tax allocation.

*Issue 2: Whether the court commissioner, and, in turn, the superior court judge erred when granting the 2015 tax exemption allocation modification without a basis in law or equity, in violation of CR 52?*

*Answer 2: We do not address this question since we vacate the allocation on other grounds.*

Heidi O'Day contends the court commissioner erred by reallocating the tax exemption because the commissioner identified no legal or equitable basis for the reordering. She also argues the commissioner failed to follow CR 52, which rule requires findings of fact and conclusions of law, when granting the modification. Since we vacate the reallocation on other grounds, we do not address this assignment of error.

*Issue 3: Whether the superior court judge erred during the revision hearing when declining to review the reallocation of the tax exemption of Alyssa?*

*Answer 3: Yes, but on another ground we vacate the reallocation.*

Heidi O'Day contends the superior court erred when limiting the scope of the

22

revision hearing to the issue of attorney fees when her motion for revision alleged other errors by the court commissioner. Matthew Silver responds that the record rebuffs this assignment of error. We agree with O'Day, but we have already granted the relief she requests.

*Issue 4: Whether the trial court erred by failing to correct an improperly attached signature page?*

*Answer 4: Yes.*

Heidi O'Day next contends that the court commissioner and superior court judge erred by failing to correct an improperly filed signature page. This challenge concerns the signature page attached to the court commissioner's November 18, 2015, order that appears to indicate Heidi O'Day agreed to the order. Although Heidi O'Day signed the attached page, she intended the page to be attached only to her proposed order. She maintains that the commissioner's oral ruling demonstrated its intent to correct the misfiling, but the improperly drafted order entered on February 3 failed to affect the desired correction. Matthew Silver responds by mentioning his December 1, 2015, pleading asking the trial court to strike O'Day's notice and objection pleading and requesting sanctions for responding to O'Day's frivolous, impertinent and baseless pleading. We remand with instructions that the trial court, under CR 60(a), correct the court record.

23

Heidi O'Day cites RCW 42.20.040 and .050 in support to her challenge to the ill attached signature page. Those two statutes criminalize a public officer's knowing submission of a false or misleading statement in any official report or writing. The record contains no evidence that the court commissioner knew the signature page falsely acclaimed O'Day's agreement to the attached order when filed. The commissioner, at the February 3 hearing, recognized the mistake and expressed an intent to correct the mistake. The February 3 written order failed to correct the record.

The November 18, 2015 order contained the clerical error of a misattached signature. Clerical errors may be remedied under CR 60(a), which provides:

> **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

The rule addresses clerical errors only; a court cannot use CR 60(a) to correct judicial error. *In re Marriage of Getz*, 57 Wn. App. 602, 604, 789 P.2d 331 (1990). The test for distinguishing between "judicial" and "clerical" error is whether, based on the record, the judgment embodies the trial court's intention. *Shaw v. City of Des Moines*, 109 Wn. App. 896, 901, 37 P.3d 1255 (2002) (quoting *In re Marriage of Getz*, 57 Wn. App. at 604). The attachment of Heidi O'Day's signature to the written order conflicted with the trial court's intent. We remand to the trial court to correct the error.

24

*Issue 5: Whether the superior court judge entered a ruling on Heidi O'Day's motion for reconsideration, and only considered her motion during an undocketed presentment hearing?*

*Answer 5: No.*

Heidi O'Day contends the court commissioner violated her due process rights by failing to respond to her motion for reconsideration. Matthew Silver responds that the commissioner held discretion to decide the motion for reconsideration at the presentment hearing. We decline to address this contention because we otherwise grant the relief requested by O'Day in her motion for reconsideration.

*Issue 6: Whether the court commissioner erred in continuing to defer the drafting of court orders to Matthew Silver's counsel after Heidi O'Day advised the court of misconduct by counsel?*

*Answer 6: No.*

Heidi O'Day contends the court commissioner erred by allowing counsel for Matthew Silver to draft and propose written orders after O'Day notified the court of counsel's alleged misconduct. Silver responds that O'Day never raised the issue of irregularities with the drafted orders and that the court never found counsel committed misconduct. We reject this assignment of error because O'Day submits no legal authority supporting her argument. This court does not review errors alleged but not argued, briefed, or supported with citation to authority. RAP 10.3; *Valente v. Bailey*, 74 Wn.2d

25

857, 858, 447 P.2d 589 (1968).

We note that court commissioners and superior court judges routinely rely on counsel to draft findings of fact, conclusions of law, orders, and judgments. The superior court and court commissioner review the pleadings before signing, such that the court may detect any misconduct of counsel.

*Issue 7: Whether the trial court erred in holding Heidi O'Day to higher standards than those to which it held Matthew Silver's counsel?*

*Answer 7: We decline to address this assignment of error because O'Day presented no legal authority supporting the argument.*

Heidi O'Day contends the trial court erred by permitting Matthew Silver's counsel to orally request reapportionment of the tax exemptions but refused to allow O'Day to orally request sanctions against counsel for late disclosure of Silver's financial records. Silver responds that the commissioner held counsel to the same standard as O'Day and even granted O'Day's request for postsecondary education support. We do not address this issue because O'Day fails to provide any legal support for her argument. This court does not review errors alleged but not argued, briefed, or supported with citation to authority. RAP 10.3; *Valente v. Bailey*, 74 Wn.2d at 858 (1968). Appellate courts are precluded from considering such alleged errors. *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 689 n.4, 974 P.2d 836 (1999).

*Issue 8: Whether the trial court erred in failing to take corrective action against*

26

*Matthew Silver's counsel for violating RCW 26.09.175(4), which requires the disclosure of the client's financial data within twenty days of receipt of the summons?*

*Answer 8: We refuse to address this assignment because the assignment is moot for lack of prejudice.*

Heidi O'Day contends the court commissioner and superior court erred by allowing Matthew Silver's counsel to violate RCW 26.09.175(4). O'Day claims that counsel violated the statute by the tardy disclosure of Silver's financial records and contests the commissioner's and superior court's refusal to take corrective action despite her constant requests to do so.

The purpose of submittal of the financial data is to allow the parties and the court to conduct a support calculation when awarding support. Matthew Silver eventually, although significantly untimely, provided his financial information. The court commissioner then awarded Heidi O'Day postsecondary education support. O'Day does not claim error in the amount of the support award. Thus, she shows no prejudice as a result of the untimely disclosure.

Generally, this court will not consider a moot issue unless it involves matters of continuing and substantial public interest. *Bavand v. OneWest Bank, FSB*, 176 Wn. App. 475, 510, 309 P.3d 636 (2013). A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief. *Spokane Research & Defense Fund v. City*

27

*of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005); *State v. Slattum*, 173 Wn. App. 640, 647, 295 P.3d 788 (2013). Any favorable ruling for Heidi O'Day on this assignment of error would not afford O'Day any benefit. Therefore, we decline review.

*Issue 9: Whether Commissioner Wendy Colton erred in failing to recuse herself?*

*Answer 9: We decline to address this assignment of error because Heidi O'Day failed to preserve the assignment when she sought revision of the court commissioner's rulings.*

Heidi O'Day contends that the trial court erred in failing to consider her motion for change of judge, filed January 29, 2016. Matthew Silver responds that O'Day never raised this issue to the superior court judge, the right to excuse a judicial officer for prejudice does not apply to commissioners, and a judicial officer is presumed to perform without prejudice. We agree with Silver that O'Day failed to address this contention when bringing her motion for revision, and, therefore, O'Day did not preserve the issue.

All commissioner rulings are subject to revision by the superior court. RCW 2.24.050. We review the superior court's ruling, not the commissioner's. *Faciszewski v. Brown*, 187 Wn.2d 308, 313 n.2, 386 P.3d 711 (2016); *In re Dependency of Ca.R.*, 191 Wn. App. 601, 607, 365 P.3d 186 (2015); *State v. Ramer*, 151 Wn.2d at 113 (2004). In her motion for revision, Heidi O'Day did not request recusal on her action on her motion for change of judge. Nor did she raise either subject during the revision hearing. As the superior court made no decision regarding Commissioner Colton's failure to recuse

28

herself, this court cannot review this issue.

*Issue 10: Whether the court commissioner erred by not honoring the American Rule when it awarded Matthew Silver $500 in attorney fees?*

*Answer 10: We decline to address this assignment of error because the superior court judge reversed the award of fees.*

Heidi O'Day contends the court commissioner erred, when awarding attorney fees to Matthew Silver, by not honoring the American Rule regarding attorney fees. The American Rule declares that each party pay his or her own attorney fees. O'Day complains that the award imposes a chilling effect on pro se litigants. Matthew Silver responds that this assignment of error is moot because the superior court reversed the award of attorney fees. We agree with Silver.

Generally, this court will not consider a moot issue unless it involves matters of continuing and substantial public interest. *Bavand v. OneWest Bank, FSB*, 176 Wn. App. at 510 (2013). A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief. *Spokane Research & Defense Fund v. City of Spokane*, 155 Wn.2d at 99 (2005); *State v. Slattum*, 173 Wn. App. at 647 (2013). The superior court reversed the imposition of fees, on the basis that RCW 26.09.140 does not support an award of fees because financial declarations evidenced Heidi O'Day's inability to pay. Based on this reversal, this court can grant no relief to O'Day.

29

*Issue 11: Whether the trial court erred during revision by offering Matthew Silver's counsel an opportunity to conduct additional research outside of the hearing and later present additional information to supplement his position?*

*Answer 11: We decline to address this assignment of error because it is moot.*

Heidi O'Day contends the superior court judge committed error when offering Matthew Silver's counsel an opportunity to conduct legal research whether intransigence is a basis for awarding attorney fees. Matthew Silver responds that the superior court judge revoked the opportunity to conduct further research and his counsel never supplemented the record with additional legal briefing. We question the factual accuracy of O'Day's argument, but decline to reach the argument because the assignment of error is moot. The superior court judge vacated the award of attorney fees.

*Issue 12: Whether the court commissioner erred by permitting ongoing irregularities and other misconduct that collectively violated Heidi O'Day's right to due process?*

*Answer 12: We decline to address this assignment of error because Heidi O'Day failed to preserve the assignment during the revision hearing.*

Heidi O'Day contends the court commissioner permitted procedural irregularities and misconduct that violated her right to due process. To support this argument, O'Day reviews every step of the child support modification litigation and identifies every perceived irregularity and act of misconduct. The only law she references is the

30

Fourteenth Amendment to the United States Constitution and *Marchant v. Pennsylvania Railroad Co.*, 153 U.S. 380, 14 S. Ct. 894, 38 L. Ed. 751 (1894). Matthew Silver responds that O'Day provides no facts to support her vague and cumulative allegation of a due process violation.

We decline to address the assignment of error because Heidi O'Day never raised this claim during the revision hearing before the superior court judge. O'Day also does not identify any relief requested as a result of any due process violation, and we grant her most, if not all, requested relief anyway.

*Issue 13: Whether this court should sanction Matthew Silver's counsel?*

*Answer 13: We decline to address this argument, since Heidi O'Day supplies no authority supporting her request.*

Heidi O'Day requests this court sanction Matthew Silver's counsel as the court deems fit. She provides no analysis or legal authority in support of this prayer. As already indicated, this court does not review contentions not supported by authority.

*Issue 14: Whether this court should award Matthew Silver reasonable attorney fees on appeal?*

*Answer 14: No.*

Matthew Silver requests this court award him attorney fees on appeal based on Heidi O'Day's intransigence. He argues that O'Day's entire case was without merit and RAP 18.1 provides this court with the authority and discretion to award attorney fees.

31

No. 34344-8-III
*Silver v. Silver*

Silver does not raise any other statutory, contractual, or equitable basis for an award of attorney fees on appeal. We reject Silver's request because, although many of O'Day's assignments of error were poorly grounded in law or fact, she substantially prevails on appeal. She prevailed before the trial court on her principal request of postsecondary education support.

## CONCLUSION

We vacate the trial court's reassignment to Matthew Silver of the tax exemption for Alyssa for the year 2015. We remand with instructions to correct the clerical error regarding the attachment of Heidi O'Day's signature to the November 18, 2015 order. Each party shall pay his or her own costs and attorney fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

32