[No. 3810–II.  Division Two.  June 9, 1980.]

JOHN NELSON BARROS, *Respondent*, v. ANNA MARIE BARROS, *Appellant.*

---

*Robert B. Taub,* for appellant.

*M. H. Hemmen,* for respondent.

REED, C.J.—Anna Marie Barros appeals from an order correcting a divorce decree nunc pro tunc. We agree with her contentions and reverse.

John Barros initiated an action to divorce Anna Marie Barros in June 1972. The parties stipulated to a complete list of all community assets; among the items included was John's military pension fund. In his oral memorandum opinion, the trial judge stated that the military pension was to be awarded to John; however, neither the findings of fact nor written divorce decree makes any mention of the pension.

After the entry of the divorce decree, John married Rita Barros. John died in 1976.

On June 22, 1978, Rita, as "personal representative" of John's estate, moved for an "order nunc pro tunc correcting the divorce decree and granting to [John] the retirement and military fund as per the court's previous oral ruling."[1] The motion was granted;[2] Anna Marie appeals.

---

[1]Although Rita Barros did serve as personal representative of John Barros' estate, her authority ceased in mid–September 1977—30 days after the filing of a declaration of completion of probate. RCW 11.68.110. Rita perhaps could have secured subsequent letters of administration under RCW 11.76.250; however, it appears that she did not do so. Under these circumstances, we question whether John's estate was ever made a party to the action; but as the issue was not fully raised below, we decline to decide the case on this basis.

[2]The judge who heard the motion to modify had not presided over the original divorce proceeding.

■ Under Washington law, the death of one of the spouses abates a divorce (or dissolution) action. The court is without jurisdiction to vacate a divorce decree after such event. *Osborne v. Osborne,* 60 Wn.2d 163, 372 P.2d 538 (1962); *Dwyer v. Nolan,* 40 Wash. 459, 82 P. 746 (1905). Any attempt to modify or correct a divorce judgment after the death of one of the parties under the provisions of CR 60 would be ineffective. Therefore, in order for Rita to be successful she must establish that this case is an appropriate one in which to employ a nunc pro tunc motion. *Osborne v. Osborne, supra; In re Estate of Carter,* 14 Wn. App. 271, 540 P.2d 474 (1975).

Cases involving application of the nunc pro tunc concept can generally be divided into two categories: (1) those in which the motion is used to correct a clerical error of a ministerial nature; and (2) those where the motion is used to remedy a situation created by the death of a party after submission of the case but before judgment. 1 A. Freeman, *Law of Judgments* § 122 (5th rev. ed. 1925); 6A J. Moore, *Federal Practice* § 58.08 (2d ed. 1979). Clearly, the present matter can be best understood as belonging to the first category.

■ A clerical error involves an error or mistake made by a clerk or other judicial or ministerial officer in writing or keeping records; it does not include an error made by the court itself. *State v. Ryan,* 146 Wash. 114, 261 P. 775 (1927); *Blankenship v. Royalty Holding Co.,* 202 F.2d 77 (10th Cir. 1953); *see also Foster v. Knutson,* 10 Wn. App. 175, 516 P.2d 786 (1973); *United States v. Stuart,* 392 F.2d 60 (3d Cir. 1968); *Merry Queen Transfer Corp. v. O'Rourke,* 266 F. Supp. 605 (E.D.N.Y. 1967). A court may not correct its failure to act through use of a nunc pro tunc motion, even if such failure is apparently merely a matter of oversight. As stated in *Ryan* at page 117, quoting from 15 R.C.L. *Judgments* § 64 (1917),

> [A motion nunc pro tunc] may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. If the court has

not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper judgment, it has no power to remedy these errors or omissions by ordering the entry nunc pro tunc of a proper judgment."

*Accord, Osborne v. Osborne, supra; Bruce v. Bruce,* 48 Wn.2d 635, 296 P.2d 310 (1956); *Keyes v. Department of Motor Vehicles,* 11 Wn. App. 957, 528 P.2d 283 (1974).

The "error" to be corrected in this case was simply not a clerical error.[3] The mistake, if such did occur, was the result of a trial court's failure to dispose of the military pension and not the result of clerical misprision. An oral memorandum opinion is not a final judgment. The judge at the original divorce proceeding was free to change his mind concerning division of the military pension at any time prior to rendition of the final judgment. *Grip v. Buffelen Woodworking Co.,* 73 Wn.2d 219, 437 P.2d 915 (1968); *Johnson v. Whitman,* 1 Wn. App. 540, 463 P.2d 207 (1969). This was not an appropriate situation for "correcting" the judgment by use of a nunc pro tunc order. Accordingly, the trial court's order is vacated.

It is so ordered.

PETRIE and PETRICH, JJ., concur.

---

[3]We are, for present purposes, not concerned with any problems created by changes in federal or state law concerning distribution of military pension benefits. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979); *Payne v. Payne,* 82 Wn.2d 573, 512 P.2d 736 (1973); *Martin v. Martin,* 20 Wn. App. 686, 581 P.2d 1085 (1978). In any event, contrary to Rita Barros' contentions, none of these cases would by themselves justify entry of a nunc pro tunc order to correct a silent divorce decree.