[No. 23479-0-I.   Division One.   April 23, 1990.]

*In the Matter of the Marriage of* PEGGY LOUISE GETZ, *Respondent, and* LAWRENCE WILLIAM GETZ, *Appellant.*

*Steven J. Mura* and *Mura & Chmelik*, for appellant.

*James F. Flynn*, for respondent.

WINSOR, J.—Lawrence Getz (Husband) and Peggy Getz (Wife) separated in November 1985. Their principal assets were Husband's two separate pension plans: the Washington State Plumbing & Pipefitting Industry Pension Plan (State Plan); and the Plumbers and Pipefitters National Pension Plan (National Plan). The two plans were disclosed to Wife through discovery.

A decree of dissolution was entered in March 1987. Under the decree, Husband's benefits accruing under the State Plan were community property and each party received one–half of the State Plan benefits that had accrued before separation. The findings and decree did not specifically mention the National Plan.

After entry of the decree, Wife requested benefits from administrators of the National Plan. Her request was denied because "[t]he Domestic Relations Order that you submitted does not pertain to the National Pension Fund". Wife moved for entry nunc pro tunc of a qualified domestic relations order as to the National Plan. The trial judge denied her motion with leave to file a formal proceeding under CR 60.

Wife then filed a motion to reconsider, to clarify decree, and for relief under CR 60. After a hearing on the motion the trial judge concluded that Wife was entitled to relief on several grounds, including CR 60(a). He then signed an order modifying the 1987 decree so as to add the National Plan to the paragraph referencing and equally dividing the

State Plan. We hold that the modification was properly made under CR 60(a) and affirm.[1]

CR 60(a) provides that "[c]lerical mistakes in judgments . . . *and errors therein arising from oversight or omission* may be corrected by the court at any time of its own initiative or on the motion of any party". (Italics ours.) A court cannot use CR 60(a) to correct judicial error, *i.e.,* error that involves an intentional act of the court. *E.g., In re Estate of Kramer,* 49 Wn.2d 829, 830, 307 P.2d 274 (1957); *Wilson v. Henkle,* 45 Wn. App. 162, 167, 724 P.2d 1069 (1986). The difference between error that can be corrected under CR 60(a) and judicial error has been explained as follows:

> [I]f the trial judge signs a decree, through misplaced confidence in the attorney who presents it, or otherwise, which does not represent the court's intentions in the premises, an error contained therein may be corrected under Rule 60. The testimony of the trial judge signing the judgment or decree will be received in this connection.
>
> A comparison of the clear evidence adduced on the trial and the findings of fact with the provisions of the judgment or decree entered may reveal that the error was clerical. But where there is no evidence of clerical error, and where the "correction" is contrary to the court's findings and contrary to . . . other clear evidence, Rule 60(a) may not be applied to correct the error.

(Citations omitted.) 4 L. Orland, Wash. Prac., *Rules Practice* § 5712, at 540 (3d ed. 1983). Thus, "[t]he test for distinguishing between 'judicial' and 'clerical' error is whether, based on the record, the judgment embodies the trial court's intention." *Marchel v. Bunger,* 13 Wn. App. 81, 84, 533 P.2d 406, *review denied,* 85 Wn.2d 1012 (1975).

Here, an inadequate record precludes significant review of the evidence considered in the dissolution trial. Nevertheless, we are convinced that the trial judge did not err in ruling that omission of the National Plan from the original findings and decree was an error correctable under CR 60(a). Significantly, the Judge who heard and granted

---

[1] Consequently, we do not consider the alternative grounds for modification relied on by the Judge.

Wife's motion for reconsideration was the same Judge who presided over Husband's and Wife's original dissolution proceeding.[2] Drawing on his recollection of the original proceeding, the Judge found that he had "intended to award the two pension plans equally as they existed as of the end of December, 1985," and that he had not intended to award Husband all benefits accrued under the National Plan.[3]

Husband takes issue with these findings, arguing that they conflict with another finding, finding of fact 1, which states that at trial, there was no specific mention of the two pension funds and there was no controversy over property division. He reasons that if the two plans were not specifically mentioned, the court could not have intended to include the National Plan in its decree.

■ We disagree with Husband's claim that the findings are inconsistent. When finding of fact 1 is read in conjunction with the Judge's oral opinion,[4] it is apparent the finding simply refers to the fact that property division was not a contested issue in the dissolution proceeding. As the Judge noted, "the whole thrust [at trial] was that these

---

[2]*Barros v. Barros,* 26 Wn. App. 363, 613 P.2d 547 (1980), is therefore inapplicable. The *Barros* court held that omission of a pension from a dissolution decree was not "clerical error" for purposes of allowing a nunc pro tunc order, even though the trial court had awarded the pension to one of the parties in its oral opinion. The *Barros* court reasoned that an oral opinion is not a final judgment, and that the Judge at the divorce proceeding might have changed his mind prior to rendering final judgment. 26 Wn. App. at 366. In *Barros,* however, the Judge who heard the motion to modify had not presided over the original divorce proceeding. 26 Wn. App. at 364 n.1.

[3]The limited trial record provided to us supports these findings. In his oral opinion at the dissolution proceeding, the trial Judge advised counsel: "Remember, . . . we need that special language in the decree, and a copy has to be sent to the people here—apparently we've got two separate pensions administering those two pensions—to put them on notice and charge them with the Court's disposition of the pension."

[4]The trial court's oral opinion may be considered to supplement or amplify, but not to contradict, the findings of fact as entered. *Lakeside Pump & Equip., Inc. v. Austin Constr. Co.,* 89 Wn.2d 839, 843 n.1, 576 P.2d 392 (1978). An ambiguous finding may be clarified by resort to the oral opinion. *State v. Knowles,* 46 Wn. App. 426, 430, 730 P.2d 738 (1986).

people had effectively divided their property when they came here . . . [and] there wasn't any *substantive* discussion of these [property division issues]". (Italics ours.) Moreover, even if the findings were inconsistent, a reversal would not be required. A judgment will be upheld if one or more inconsistent findings supports the judgment. *Lloyd's of Yakima Floor Ctr. v. Department of Labor & Indus.*, 33 Wn. App. 745, 752, 662 P.2d 391 (1982).

The order is affirmed. Wife's attorney fee request is denied because she has failed to comply with RAP 18.1(b) and (c), and *In re Marriage of Coons*, 53 Wn. App. 721, 770 P.2d 653 (1989).

WEBSTER and PEKELIS, JJ., concur.