[No. 46565-1-I.   Division One.   January 14, 2002.]

BRIAN SHAW, *Appellant*, v. THE CITY OF DES MOINES, *Respondent*.

---

[26] *See State v. Kinchen*, 92 Wn. App. 442, 963 P.2d 928 (1998).

*Eric R. Stahlfeld,* for appellant.

*David N. Bruce; Michael C. Walter* (of *Keating, Bucklin & McCormack, Inc., P.S.*); and *Gary N. McLean, Des Moines City Attorney,* for respondent.

Kᴇɴɴᴇᴅʏ, J. — Brian Shaw filed a petition under the Land Use Petition Act (LUPA) challenging conditions imposed on his application for a building permit by the City of Des Moines, along with a claim for damages. The trial court found the conditions unconstitutional and directed Shaw to draft an order consistent with the ruling, but Shaw failed to do so. Shaw's case was subsequently dismissed by a Clerk's Order of Dismissal pursuant to King County Local Rule (KCLR) 41(b)(2)(A), even though the damages claim was still pending. Five months later, Shaw moved to vacate the

dismissal and to amend his complaint. The trial court denied the motion to vacate. Shaw appeals. The computer-generated King County case schedule provided for a hearing on the LUPA appeal but did not set a schedule for the accompanying damages claim. King County Local Rule 41(b)(2)(A) was not intended to apply to LUPA appeals that are accompanied by damages claims that have yet to be set for trial. Thus, Shaw's case was dismissed based on a clerical mistake arising from oversight, and the court's refusal to vacate the dismissal was an abuse of discretion. We reverse the order denying the motion to vacate and remand for reinstatement of Shaw's case. The trial court is directed to exercise its discretion on the question of whether Shaw should be allowed to amend his complaint.

## I

Brian Shaw filed an application in June 1998 for a building permit and a right-of-way use permit to construct a single-family residence in the City of Des Moines. The City issued the permits subject to certain conditions, including road and surface water drainage improvements. Shaw appealed the permits to a city hearing examiner, arguing that the imposed conditions were unconstitutional. The hearing examiner upheld the conditions. In February 1999, Shaw timely filed a LUPA petition in King County Superior Court.

Under King County local rules, when a LUPA petition is filed, a computer-generated "Order Setting Case Schedule (Land Use Petition)" is issued containing various deadlines, including those for filing of the certified copy of the local jurisdiction record and filing of the parties briefs. Clerk's Papers at 12. A "Review Hearing/Trial Date" is set for a date that is approximately 154 days after filing of the petition. *Id.* Here, the review hearing for the LUPA appeal was set for July 12, 1999. The case schedule includes a series of notices, one of which advises that it will be necessary for attorneys and parties to "pursue their appeals vigorously." Clerk's Papers at 13. Another notice states: **"If you miss**

**your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an Order of Dismissal, without notice, for failure to appear at the scheduled Trial Date." *Id.*

Shaw subsequently decided to change the orientation of his house so as to locate the driveway access on the busier of two affected streets. He submitted a revised site plan to the City showing these changes, in early July 1999.

Although the LUPA appeal was originally noted for hearing on July 12, 1999, the parties apparently agreed to change the date, and the trial court heard the matter on July 20, 1999. After oral argument, the court indicated that it would notify counsel of its decision. Two days later, the court issued a written memorandum decision ruling that the City's conditions were unconstitutional, and directing Shaw to "prepare an order consistent with this decision." Clerk's Papers at 51-54.

After the hearing, Shaw engaged in settlement discussions with the City, but these were not successful. In late August or early September 1999, counsel for the City asked Shaw's counsel when he planned to file a proposed court order for the LUPA appeal, as directed in the court's written decision. Shaw's counsel claimed that he was unaware of the court's decision and had never received a copy of it, so the City faxed a copy of the decision to him. Shaw did not prepare the proposed order granting his LUPA appeal.

On September 30, the City sent a letter to Shaw's counsel reiterating its desire to settle the case and reminding him that he had yet to file the proposed order. The City asserted that Shaw's failure to act was preventing it from pursuing an appeal. The letter also expressed the City's position that Shaw's revised building permit application was inconsistent with the City's code and would not be approved, absent some additional showing.

Less than two weeks later, on October 12, 1999, Shaw's case was dismissed without prior notice and without prejudice, by a Clerk's Order of Dismissal under KCLR

41(b)(2)(A). The basis for the order was that the case was set for trial on July 12, 1999, that more than 45 days had passed since the scheduled trial date, and that the clerk had researched the legal file and found that no final dispositive document or order had been received.

On February 16, 2000, the City wrote a letter to counsel for Shaw, stating that Shaw's building permit had technically expired because Shaw had not yet begun construction. The City extended a grace period to Shaw, but stated that it would deem the permit abandoned if he did not begin construction on or before March 13, 2000. The City asserted that "[b]ecause the Hearing Examiner upheld the conditions of Mr. Shaw's building permit, and because the Superior Court dismissed the action filed by Mr. Shaw seeking to set aside the Hearing Examiner's decision, Mr. Shaw's Building Permit No. 98-3816 stands as written at the time of its issuance." Clerk's Papers at 74-75.

On March 10, 2000, Shaw filed a motion to vacate the Clerk's Order of Dismissal and to amend his original complaint to include a request for a writ of mandamus compelling the City to approve the revised site plan for his building permit. Shaw asserted that the clerk committed a clerical mistake in dismissing his case, in that the dismissal was based on the erroneous belief that the parties missed the hearing date for the LUPA appeal. Judge Eadie denied Shaw's motion, stating simply that "this case has been dismissed." *Id*. at 163-64. Shaw appealed to this court. We directed the parties to file supplemental briefing covering KCLR 41, CR 41, CR 60, and a discussion of *Vaughn v. Chung*, 119 Wn.2d 273, 830 P.2d 668 (1992) and *Wallace v. Evans*, 131 Wn.2d 572, 934 P.2d 662 (1997).

II

A trial court's decision whether to vacate a judgment or order under CR 60 is reviewed for an abuse of discretion. *Luckett v. Boeing Co.*, 98 Wn. App. 307, 309, 989 P.2d 1144 (1999), *review denied*, 140 Wn.2d 1026 (2000).

The decision will not be overturned on appeal unless it plainly appears that the trial court exercised its discretion on untenable grounds or for untenable reasons. *Stoulil v. Edwin A. Epstein, Jr., Operating Co.*, 101 Wn. App. 294, 297 n.4, 3 P.3d 764 (2000). The civil rules contain a preference for deciding cases on their merits. *Vaughn*, 119 Wn.2d at 280. However, "weighted against this principle is the need for a structured, orderly judicial system." *Luckett*, 98 Wn. App. at 313-14. In considering whether to grant a motion to vacate under CR 60, a trial court should exercise its authority liberally and equitably to preserve the parties' substantial rights. *Vaughn*, 119 Wn.2d at 278-79.

██ ██ CR 60(a) provides that "[c]lerical mistakes in judgments . . . and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." The rule addresses clerical errors only; a court cannot use CR 60(a) to correct judicial error. *In re Marriage of Getz*, 57 Wn. App. 602, 604, 789 P.2d 331 (1990). The test for distinguishing between "judicial" and "clerical" error is whether, based on the record, the judgment embodies the trial court's intention. *Id.*

Shaw argues that the computer-generated King County case schedule is not set up to address a LUPA appeal which is combined with a claim for damages, as his was. He contends that this system failed when the court clerk dismissed his case based on the erroneous belief that the parties failed to appear for the LUPA hearing, and without considering the damages action that was still pending. We agree.

When filing a case in King County Superior Court, a plaintiff must designate the category that best describes the case, here, a land use petition, and a computer-generated case schedule is issued. The case schedule for land use petitions makes no provision for trial of accompanying damages claims. If the petitioner loses the LUPA appeal, the damages case is moot and the matter is over. However, if the plaintiff prevails at the LUPA hearing, the remaining

compensation claim must be allowed to proceed to trial. The problem arises because the case schedule sets a hearing date for the LUPA appeal, but sets no case schedule for an accompanying damages action.

From the record, it appears that land use appeals are preassigned to individual judges in King County, and that an "Order on Assignment to Individual Calendar" is issued along with the case schedule. Clerk's Papers at 14. The order in this case appears to be a generic form used for all trials that are preassigned to individual calendars, in that it contains requirements for procedures that do not apply to LUPA appeals, such as joint status reports describing the status of discovery and pretrial conferences to discuss evidentiary issues; motions in limine; the number, identity, and testimony of witnesses; jury selection; and jury instructions. Even though the case schedule for a land use petition refers to a "Review Hearing/Trial Date" it is evident that the individual calendar order is not intended to apply to the trial of damages claims that may accompany land use petitions. We so conclude because, by way of example, the case schedule for a land use appeal does not contain a discovery cut-off date; neither does it contain a deadline for the joint status report that is required 120 days before civil trials under King County local rules. This makes perfect sense when one considers that a land use appeal is just that; it is an appeal, not a trial.

Here, the computer-generated case schedule set the LUPA hearing for July 12, 1999, the hearing was actually held on July 20, and the trial court ruled in Shaw's favor two days later. Thus, at that point in the proceedings, Shaw's damages claim was still pending. Because the case schedule did not reflect the still-active damages claim, and because the court clerk apparently believed that the parties had failed to attend the LUPA hearing, the case was dismissed without prior notice pursuant to KCLR 41(b)(2)(A). That rule outlines the criteria for involuntary dismissal of a case on a clerk's motion:

Failure to Appear for Trial. If the case has not been disposed of within 45 days after the scheduled trial date, the case will be dismissed without prejudice on the Clerk's motion without prior notice to the parties, unless the parties have filed a certificate of settlement as provided in LR 41(e)(3). The Clerk will mail all parties or their attorneys of record a copy of the order of dismissal.

This rule is simply inapplicable where, as here, a damages claim is still pending following a successful LUPA appeal. Therefore, the Clerk's Order of Dismissal (which is "signed" by the use of a signature stamp of the Presiding Judge of the court) cannot have embodied the court's intention in this case.

Accordingly, we hold that the trial court abused its discretion in denying Shaw's motion to vacate the Clerk's Order dismissing his case, and reverse the order denying the motion to vacate. We remand for reinstatement of Shaw's case, and direct the trial court to exercise its discretion on the question of whether Shaw should be allowed to amend his complaint.

Although we agree that the King County case scheduling system did not adequately address Shaw's situation, Shaw has failed to adequately explain why he did not promptly file a proposed order following the trial court's favorable ruling on his LUPA appeal. While Shaw claims that the court never informed him of its ruling, he admits that the City sent a copy of the memorandum decision to him weeks before the case was dismissed. Shaw had actual notice of the ruling, and the fact that settlement discussions were underway does not excuse his failure to file the proposed order as the court directed him to do. If he had timely filed the proposed order, his case would not have been dismissed. The trial court may wish to consider imposing monetary sanctions against Shaw for his failure to act in accord with the written direction of the court that he prepare an order in accord with the written ruling on his LUPA appeal.

Reversed and remanded for such further proceedings as shall be consistent with this opinion.

WEBSTER and APPELWICK, JJ., concur.