

**FILED**
**AUGUST 29, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In the Matter of the Marriage of,       )
                                          )       No.  36122-5-III
LORI VAN DE GRAAF,                        )
                                          )
                    Respondent,           )
                                          )
      v.                                  )       UNPUBLISHED OPINION
                                          )
ROD D. VAN DE GRAAF,                      )
                                          )
                    Appellant.            )

KORSMO, J. — This is Van de Graaf III. *See In re Marriage of Van de Graaf*, no. 35133-5-III (Van de Graaf I), for details.  This appeal from a CR 60 motion involves a boundary description.  We affirm, but remand for the trial court to correct the description.

PROCEDURAL HISTORY

As stated in Van de Graaf II, the facts are known to the parties and will not be recited here, although interested persons can find some of the information in our Van de Graaf I opinion.  After five years of litigation, the trial court entered a decree of dissolution that is the primary topic of Van de Graaf I.

One piece of property awarded by the decree was the Ellensburg area grazing land valued at $1.3 million. Appellant Rod Van de Graaf (Rod) owned the property in partnership with his brother, Rick. The trial court awarded Rod's one-half interest in the property to respondent Lori Van de Graaf (Lori). This court upheld the award in Van de Graaf I despite the trial court's mischaracterization of the land as community rather than separate property.

The two men had purchased the property on contract from their parents prior to the marriage between Rod and Lori. This land, originally about 343 acres in size, was known as tax parcel 835436. A neighbor subsequently proposed a trade of a seven acre parcel of his land for a ten acre part of the brothers' grazing land in order to allow both parties to consolidate their properties on separate sides of an irrigation ditch. The deal was consummated and boundary adjustments were entered. The land acquired by the brothers in the trade is tax parcel 20588.

Trial testimony did not reveal that the Ellensburg property consisted of two parcels, although the written appraisal of the property noted the existence of the two parcels. The trial court directed that the "Ellensburg property" be given to Lori. The decree awarded Lori parcel 835436. While Van de Graaf I was pending in this court, Lori received a tax statement indicating that the property consisted of two tax parcels. She filed a CR 60 motion to correct the decree to account for both parcels.

Rod objected, contending that the trial court lacked authority to amend the decree because of the pending appeal and arguing that parcel 20588 was never before the court in the dissolution trial and was not awarded to Lori. The trial judge, the Honorable Michael McCarthy, characterized the problem as a scrivener's error and ordered that an amended decree be entered accounting for both parcels. Clerk's Papers (CP) at 27. The court also denied Rod's motion for reconsideration. CP at 36.

The amended decree listed both parcel 835436 and 20588. However, the legal description for parcel 20588 was erroneous. CP at 47. Rod timely appealed to this court. In his reply brief, Rod argued that the description for parcel 20588 actually came from parcel 20587, a parcel that Rod and Rick had transferred to their neighbor as part of the trade. In response to a question from this court, Lori admitted that the description for 20588 in the amended decree was erroneous, but argued that it was not the description for parcel 20587.

The panel that heard the first two appeals considered this appeal without hearing argument on June 10, 2019.

ANALYSIS

Rod argues that the trial court (1) erroneously granted relief under CR 60(a), (2) lacked authority to act without this court's prior permission pursuant to RAP 7.2(e), and (3) erred in considering Lori's CR 60 motion in violation of CR 7. Lori requests that we

3

impose attorney fees against Rod for frivolous and vexatious litigation. We consider the contentions in the order listed.

*CR 60 Relief*

Rod argues that the trial court committed substantive error by amending the decree to include omitted property that had not been before the court. However, we agree with the trial judge that the omission of the second (and much smaller) parcel from the decree of dissolution was a scrivener's error that simply failed to fully describe the Ellensburg property previously awarded to Lori.

CR 60(a) authorizes a trial court to correct clerical mistakes in judgments or orders at any time, either on the court's own initiative or the motion of any party. *In re Marriage of Getz*, 57 Wn. App. 602, 604, 789 P.2d 331 (1990). This court reviews a trial court's decision whether to vacate or amend a judgment or order under CR 60 for an abuse of discretion. *Shaw v. City of Des Moines*, 109 Wn. App. 896, 900, 37 P.3d 1255 (2002). Discretion is abused when it is exercised on untenable grounds or untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

In contrast, CR 60(b) allows a trial court acting on a timely motion to relieve a party from a judgment or order based on a mistake, fraud, and other circumstances. The essential difference in the two rules is whether the error was clerical (CR 60(a)) or judicial (CR 60(b)). *Marchel v. Bunger*, 13 Wn. App. 81, 84, 533 P.2d 406 (1975). If the

erroneous judgment or order accurately reflects the court's ruling, the error is judicial. *Id*; *Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). If the ruling does not accurately reflect the ruling, the error is clerical. *Id*. CR 60(a) does not allow a judge to change his or her mind and reach a result contrary to the original intent. *Presidential Estates*, 129 Wn.2d at 326; *Getz*, 57 Wn. App. at 604.

There must be some support in the record for determining the judge's original intent. *Presidential Estates*, 129 Wn.2d at 326-327; *Getz*, 57 Wn. App. at 604; *Marchel*, 13 Wn. App. at 84. Nonetheless, the trial judge may draw on his or her recollection of the proceedings in determining the court's intentions at the time it entered the original judgment. *Getz*, 57 Wn. App. at 604-606.

The judge's original intent is primarily a question of fact: what did the ruling intend to accomplish? Here, that question is easily answered. Judge McCarthy noted that his intent all along was to award the entirety of Rod's share of the Kittitas County grazing land to Lori. This intent also is objectively supported by the record. Throughout the trial testimony, and in various writings, the property was consistently described as the "Ellensburg property" by the judge and both parties. *E.g.*, CP (No. 35133-5-III) at 703 (court's letter decision awarding the property to Lori), 725 (Rod's proposed findings of fact), 769 (decree). This view is corroborated further by the fact that the property appraisal from which the trial court drew its valuation correctly referenced both tax parcels.

There simply was no indication in the trial record that there were multiple properties in Kittitas County owned by Rod and Rick Van de Graaf. Thus, there is no basis for concluding that the references to, and the court's award of, the "Ellensburg property" was intended to encompass less than the entirety of Rod's interest in the Kittitas County land he held in partnership with his brother. The fact that the decree of dissolution failed to properly *describe the entire* property was not the result of a conscious judicial decision to silently withhold some of that land for Rod's benefit.

Accordingly, the trial court did not abuse its discretion by amending the property description in the dissolution decree to reflect its original award of the entire Ellensburg property to Lori. The record supports the view that the parties had always considered all of the grazing land to constitute the "Ellensburg property." The trial court's use of that same phraseology has consistently demonstrated the intent to encompass all of the partnership land. The correction of the inadequately described property in the original decree was proper under CR 60(a). This was a scrivener's error, pure and simple.

The order granting relief and amending the original decree is affirmed.

*RAP 7.2(e)*

Rod next argues that the trial court lacked authority to amend the dissolution decree while that judgment was on appeal in Van de Graaf I. In light of our resolution of the first issue, his argument fails.

6

RAP 7.2(e) provides that while a trial court has authority to consider and determine postjudgment motions while a case is on appeal, the court may not enter an order that "will change a decision then being reviewed by the appellate court" without first obtaining the permission of the reviewing court. In accordance with the plain language of the rule, the typical practice is to present a motion to the trial court and, if the court indicates its intent to enter an order changing the decision, the proponent of the change then obtains the appellate court's permission to have the order entered. *E.g.*, *State v. Duncan*, 111 Wn.2d 859, 865-866, 765 P.2d 1300 (1989).

The correction of a clerical error by use of CR 60(a) normally will not *change* a ruling under review by an appellate court. As just noted, a clerical error is not an expression of the judge's true intent. Thus, the correction of a clerical error does not alter a trial judge's ruling, but merely the expression of the ruling. Accordingly, use of CR 60(a) to correct a scrivener's error will not necessarily require permission of the appellate court under RAP 7.2(e). *E.g.*, *Marquis v. City of Spokane*, 76 Wn. App. 853, 862, 888 P.2d 753 (1995), *aff'd*, 130 Wn.2d 97 (1996) ; *Olsen Media v. Energy Sci. Inc.*, 32 Wn. App. 579, 587-588, 648 P.2d 493 (1982) (entry of revised findings and conclusions does not "change" a decision being reviewed so as to require approval of the Court of Appeals pursuant to RAP 7.2(e) if the revision does not require additional evidence and does not affect the judgment in a substantive manner).

The correction to the judgment and sentence did not change the judgment under review, but merely attempted (unsuccessfully) to more accurately express the description of the property awarded to Lori. At issue in Van de Graaf I was the characterization of the Ellensburg property as community or separate property, and the trial court's award of that property to Lori. The attempted correction of the property description simply did not change the judgment under review.

Under the facts of this case, Rod's RAP 7.2(e) challenge is without merit.

*CR 7*

Rod also challenges the trial court's failure to strike Lori's original CR 60(b) motion to correct the judgment, arguing that it was insufficient under CR 7. The trial court's conversion of the motion to a CR 60(a) proceeding moots this challenge.

As noted previously, CR 60(a) permits the court itself to initiate the correction of a scrivener's error. Here, the original CR 60(b) motion called the matter of the incomplete description in the decree to the attention of the trial judge. Recognizing the scrivener's error in the original decree, the judge ordered a correction. The adequacy of the original CR 60(b) motion is a moot point in light of the trial court's action to correct the error under CR 60(a).

*Attorney Fees*

Lori seeks her attorney fees on appeal, arguing that this appeal was frivolous and a further example of Rod's demonstrated intransigence. While we have great sympathy for both arguments, we decline to exercise our discretion in her favor in this instance.

We previously have upheld the trial court's intransigence finding in Van de Graaf I and also awarded attorney fees to Lori on that basis in both that appeal and in Van de Graaf II. Rod's actions in fighting the correction of the decree and appealing that decision despite the fact he would not realistically benefit from the challenge indicate the frivolous nature of the appeal and further demonstrates the intransigent attitude that has permeated this case for the better part of the past decade.

Nonetheless, mistakes were made and still need to be corrected. Despite the fact that the correct legal description was used in the transfer deed and the fact that the two parcels were identified in the appraisal report, both the decree and the amended decree have the wrong property description. While it appears to have been by accident, Rod's appeal did at least bring the latter error to light. We remand to the trial court to correct the property description in the amended decree.

Accordingly, we decline to award Lori her actual attorney fees related to this appellate cause number.

No. 36122-5-III
*In re Marriage of Van de Graaf*

CONCLUSION

We deem Lori the substantially prevailing party in this appeal. RAP 14.2. She is entitled to her statutory costs and fees upon timely compliance with RAP 14.4. She is not entitled to her actual attorney fees.

The judgment is affirmed, but the case is remanded for further correction of the scrivener's error, discussed above, in the amended decree.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.

10