

**FILED**
**NOVEMBER 1, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 38273-7-III |
| | ) | |
| LORI VAN DE GRAAF, | ) | |
| | ) | ORDER AMENDING |
| Respondent, | ) | OPINION, DENYING |
| | ) | MOTIONS FOR |
| and | ) | RECONSIDERATION, AND |
| | ) | DENYING MOTION TO |
| ROD VAN DE GRAAF, | ) | ACCEPT AMENDED |
| | ) | PLEADINGS |
| Appellant. | ) | |
| | ) | |

Having considered Lori Van de Graaf's motion for reconsideration, and Rod Van de Graaf's motion to accept amended pleadings and his motion for reconsideration of this court's opinion filed on September 13, 2022, and the file and record herein;

IT IS ORDERED the motions for reconsideration are denied.

IT IS FURTHER ORDERED that Mr. Van de Graaf's motion to accept amended pleadings is also denied, and a majority of the panel declines to sanction appellant's counsel for material misrepresentations in that motion.

IT IS ALSO ORDERED that the opinion filed on September 13, 2022, shall be amended as follows:

The last sentence in the last full paragraph on page 8 shall be amended to read: "Because our prior opinions have not addressed the calculation of the equalization judgment, we need not summarize the prior appeals and our holdings."

PANEL:    Judges Lawrence-Berrey, Fearing, and Staab

FOR THE COURT:

_____
LAUREL H. SIDDOWAY
CHIEF JUDGE

<span style="color:red">**FILED**
**SEPTEMBER 13, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III</span>

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 38273-7-III |
| | ) | |
| LORI VAN DE GRAAF, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| ROD VAN DE GRAAF, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Rod Van de Graaf appeals Judge Kevin Naught's order denying his request to correct the equalization judgment in this divorce case. He asserts there is a math error and blames Lori Van de Graaf's former counsel for misleading the trial judge, the late Judge Michael McCarthy. Judge Naught believed there was no math error, but indicated if there was one, it would be a clerical error.

On appeal, Ms. Van de Graaf acknowledges there is a significant math error. We agree. We also agree with Judge Naught that the math error is clerical. Pursuant to CR 60(a), we reverse and remand for entry of a corrected equalization judgment in accordance with Judge McCarthy's clear intent. We also assess reasonable attorney fees against Mr. Van de Graaf, based on the financial circumstances of the parties.

No. 38273-7-III
*In re Marriage of Van de Graaf*

FACTS

Rod Van de Graaf and Lori Van de Graaf were married for nearly 26 years, separating in July 2011. After much litigation, Judge Michael McCarthy presided over a dissolution trial in October 2016.

On November 17, 2016, Judge McCarthy issued a letter ruling. The letter ruling awarded Lori[1] an equalization payment of $955,400 based on the following division of assets:

| To Petitioner | | To Respondent | |
|---|---|---|---|
| | | House | $14200000 |
| Midvale | $1000000 | Midvale | $1000000 |
| | | K2R | $300000 |
| Eburg | $690000 | | |
| UBS | $816000 | Beneficial | $116000 |
| Other Accts | $98000 | Other Accts | $36000 |
| Zebra | $1000 | Mounts | $36000 |
| Remington | $400 | Guns | $8800 |
| HFG | $10000 | HFG | $33000 |
| Total | $1994400 | Total | $2949800 |

Therefore, the Court will award judgement against the Respondent, not including contributions he is to make to restore the UBS account balance, in the sum of $955400. I would be inclined to

Clerk's Papers (CP) at 114.[2]

---

[1] We refer to the parties by their first names for clarity. We intend no disrespect.

[2] The sum of the assets in Lori's column should have been $2,615,400, not $1,994,400. This math error was later repeated and never corrected. There is also an extra "0" in the value of the marital home awarded to Rod, although that error was not used to reach the sum of the assets in Rod's column.

The letter ruling noted that K2R, an LLC that owns property in Sunnyside, is Rod's separate property valued at $300,000.  The letter also ordered that Lori take responsibility for $8,000 in credit card debts.

Prior to entry of the final orders, Lori moved for reconsideration pursuant to CR 59(a), based on an error in the letter ruling's judgment lien calculation.  The letter ruling awarded each party one-half of Midvale, a community business valued at $2 million, even though the court had intended to award Midvale to Rod.  Lori argued if Midvale's total value was added to Rod's share and one-half of Midvale's value was deducted from Lori's share, the correct judgment amount (equalization payment) should have be $1,171,200.  This new proposed judgment amount took into account the $8,000 in community credit card debt assigned to Lori.

In February 2017, Judge McCarthy held the presentation hearing.  He gave each party a copy of the prior property division with handwritten changes that removed $1,000,000 from Lori's column and added it to Rod's column, resulting in a new equalization payment to Lori of $1,477,700:

| To Petitioner | | | To Respondent | | |
|---|---|---|---|---|---|
| | | | House | $14200000 | |
| Midvale | ~~$1000000~~ | | Midvale | ~~$1000000~~ *200 000* | |
| | | | K2R | $300000 | |
| Eburg | $690000 | | | | |
| UBS | $816000 | | Beneficial | $116000 | |
| Other Accts | $98000 | | Other Accts | $36000 | |
| Zebra | $1000 | | Mounts | $36000 | |
| Remington | $400 | | Guns | $8800 | |
| HFG | $10000 | | HFG | $33000 | |
| Total | ~~$1994400~~ *994400* | | Total | ~~$2949800~~ *3949800* | |

Therefore, the Court will award judgement against the Respondent, not including contributions he is to make to restore the UBS account balance, in the sum of ~~$955400~~. I would be inclined to *1477700.*

CP at 165.[3]

Joanne Comins Rick, Rod's counsel, brought up other errors:

[T]he other issue was your summary analysis. If this is Your Honor's here, the math calculation wasn't correct, so I corrected that. There was also . . . the house, you have valued at $14,200,000. . . .
        THE COURT: Probably a different zero in there.
        MS. COMINS RICK: Yeah. Your Honor, I mean, they were clearly, you know, obvious errors. . . . [I]t was clear what you really meant. So those I took the liberty of correcting.

CP at 28.

---

[3] Again, the sum of the assets in Lori's column is incorrect both before and after the handwritten correction. The correct value is $1,615,400, not $994,400. Rod's assets are correctly calculated at $3,949,800.

Shortly thereafter, Ms. Comins Rick again brought up math errors in the judgment:

> MS. COMINS RICK: Also, the equalization process. My understanding of equalization is you add up what each party gets and you total it, divide by two, and you bring—you equalize—the party to the meeting between.
>
> And the equalization that the Court engaged in was to bring—was to order my client to bring [Lori]'s award up to his award, which not only detracts from his equalization but puts the parties at opposite ends of the spectrum. It's not a median equalization.
>
> THE COURT: So was there—it was a math error.
>
> MS. COMINS RICK: Yes. And so . . . I corrected that in my findings as prepared.

CP at 29.

Later still, Ms. Comins Rick clarified the court's intent regarding property

division:

> MS. COMINS RICK: . . . We agree the K2R was a—was Rod's separate property. . . .
>
> . . . the Court is now awarding the 2 million [from Midvale] to Rod, is that correct? Changing its ruling on that? The Court had ruled 1 million to Lori and 1 million to Rod.
>
> . . . .
>
> THE COURT: It's going to your client.

CP at 30. Ms. Comins Rick again questioned whether the court intended to include K2R

in the property division:

[MS. COMINS RICK]: . . . The Court did find that the K2R was a separate asset. The Court's arithmetic still divides that, which is completely within your discretion to do that. Just because it's a separate asset doesn't mean it's carved out. But that's the difference between my number and your number.

If the Court could simply indicate that is your intention, it is a separate asset but it should not be—

. . . .

THE COURT: Okay. It is a separate asset.

MR. HAZEL:[4] *It is a separate asset, but is it the Court's intention to still divide it?*

THE COURT: *No.*

MR. HAZEL: Okay. Then the number would be my number, not the one four seven seven [$1,477,700].

THE COURT: So yours is one one seven one [$1,171,200]?

MR. HAZEL: Correct.

THE COURT: Okay.

MR. HAZEL: One one seven one two hundred [$1,171,200].

THE COURT: Yeah.

MS. COMINS RICK: *And your number excludes the $300,000 because you—*

MR. HAZEL: *It does.* That's exactly the difference between the one four seven seven [$1,477,700] and the one seven one [$1,171,200].[5]

CP at 31-32 (emphasis added).

---

[4] Lori's trial counsel.

[5] Rod is correct that Mr. Hazel's calculation of the $1,171,200 equalization payment did not remove the K2R property from his column. This is easily confirmed by noting that Mr. Hazel's calculation shows Rod's total property award as $3,949,800 rather than $3,649,800.

After the hearing, the court entered findings and conclusions about a marriage and a final divorce order. The court ordered a money judgment to Lori in the amount of $1,171,200, as well as past due maintenance.

On February 27, 2017, Judge McCarthy filed an "as corrected" letter ruling. The letter ruling included the following division of property:

| To Petitioner | | To Respondent | |
|---|---|---|---|
| | | House | $1420000 |
| Midvale | 0 | Midvale | $2000000 |
| Eburg | $690000 | Eburg | 0 |
| UBS | $816000 | Beneficial | $116000 |
| Other Accts | $98000 | Other Accts | $36000 |
| Zebra | $1000 | Mounts | $36000 |
| Remington | $400 | Guns | $8800 |
| HFG | $10000 | HFG | $33000 |
| Total | $994400 | Total | $3649800 |

CP at 196.[6]

---

[6] Again, the math is incorrect. It appears rather than adding up the assets, Judge McCarthy used the handwritten corrections made during the presentation hearing that simply removed $1 million from Lori's column in coming up with the $994,400 total.

*Critical to our decision on appeal*, Judge McCarthy omitted K2R from Rod's column, confirming his earlier statement that K2R should be excluded from the property division calculation.

*Rod's first CR 60 motion*

On March 10, 2017, Rod filed a CR 60 motion asking the court to vacate the final divorce order and amend or clarify the property division. The motion largely focused on Rod's beneficial life insurance policy that had been awarded to him but included in the marital estate; he claimed that asset was not subject to division and asked for a redistribution of property. In a footnote, he also pointed out that Judge McCarthy's February 27 letter ruling lacked the judgment amount, and the judgment lien of $1,171,200 was based on Mr. Hazel's erroneous math. In the written order,[7] Judge McCarthy denied Rod's CR 60 motion. The order did not address the math error in the judgment lien.

*Appellate proceedings*

This matter has spawned countless postjudgment motions, emergency stay motions, and four opinions from this court, none of which are relevant here. Because Lori acknowledges that we have never ruled on the equalization calculation, it is not necessary for us to summarize the prior appeals and our holdings.

---

[7] Our record does not include the report of proceedings from this hearing.

*Rod's second CR 60 motion*

On February 26, 2021, Rod filed the motion underlying this appeal. He asked the trial court to correct the math calculation in the judgment award in the February 2017 final decree pursuant to CR 60(a). The motion reads, in part:

> On November 9, 2020, the Court of Appeals for Division Three issued Mandates in each of the appeals taken from the prior trial court decisions in this matter. Thereby, confirming that all the appeals are concluded. It now makes sense to correct the scrivener's error that appears in the Judgment amount awarded to the petitioner in the original Final Decree entered February 17, 2017. Judge McCarthy adopted [Lori]'s proposed Final Decree which, by oversight or omission, incorrectly awarded an equalization cash Judgment to [Lori] in the amount of $1,171,200. The correctly calculated amount of the Judgment is $1,017,200, which is the amount necessary to equalize the value of the property distributed to each party by the Court in its final property distribution, as set forth in the *Decision Letter of November 17, 2016 As Corrected February 24, 2017*. This Court should enter a CORRECTED JUDGMENT by DECREE that awards to [Lori] a judgment against [Rod] for the amount of **$1,017,200** . . . .

CP at 1-2. Attached to the motion was a spreadsheet demonstrating that the equalization payment should have been $1,017,200 if calculated without the $300,000 from K2R in Rod's column. The spreadsheet calculates the sum of Lori's assets as $1,615,400 rather than the court's incorrect total of $994,400. The spreadsheet, however, does not reflect the $8,000 credit card debt awarded to Lori.

Lori opposed the motion and requested fees and CR 11 terms. She argued there was no clerical error and the judgment amount was correct and as intended by Judge McCarthy. Lori asked the court to prohibit Rod and his counsel from filing further pleadings seeking affirmative relief until he pays the fees and terms.

On March 15, 2021, Yakima County Superior Court Commissioner Sonia Rodriguez-True held a hearing on the motion.[8] Rod argued his CR 60(a) motion was timely because it is never too late to correct a math error and Judge McCarthy's intent was clear as to what he wanted to include in the equalization judgment. He stated the error resulted in a "windfall profit" of $154,000 based on Mr. Hazel's improper calculation. CP at 67.

Lori argued this matter had "been reviewed by at least a dozen judicial officers as well as attorneys" and "[t]o say that this case has been gone through with a fine toothed comb is a gross under exaggeration." CP at 76. She argued the orders and judgment amounts had been reviewed multiple times, and Judge McCarthy signed the documents as they were presented. She denied there was a clerical error that would be permissible for the court to correct. Lori argued:

---

[8] Judge McCarthy died in February 2020. Widely known as highly intelligent, hard-working, and careful, the math errors described in this opinion are unusual for this very fine judge.

[T]here was no error but even if there was [Rod] is saying that it was so obvious that someone else should have noticed it. Why didn't he say anything about it? Why are they bringing it up now? *Why was it never argued in presentation*[*?*] There are multiple presentations. There were multiple reconsiderations. There [were] other failed CR 60 motions. *This was never brought on appeal. . . .* I'm not sure how many more times he needs to be told that this judgment is correct.

CP at 77 (emphasis added).

Rod's counsel responded:

My client would like to get beyond this and would like to pay the judgment. My client is entitled to have the correct mathematical judgment entered and there was no need until we started trying to negotiate the payment of this that I realized that we did the math wrong. Nowhere in any of the appellate records is there any proof showing that the math on this judgment was scrutinized, reviewed or looked at. It was simply accepted because Mr. Hazel . . . misrepresented that. . . . It was a mistake that we didn't need to revisit until now.

CP at 79.

The commissioner said she understood Ms. Comins Rick's math, but was concerned that "it's been four years and the interest issue was not raised in this matter because it's already been through the appellate process." CP at 79. She disagreed that this was not an issue before and also found the inclusion of K2R was a matter of judicial intent, not a clerical error. The commissioner reasoned there was "far too much of a delay to go back and correct the issue here." CP at 80. After more argument, the court orally denied the motion but declined to award the sanctions requested by Lori.

11

On March 31, 2021, Commissioner Rodrigeuz-True presided over a presentation hearing. Rod again argued to the court that the error was due to Mr. Hazel's mistake and that Judge McCarthy was clear about what he wanted to include in the division. The commissioner responded:

> [Lori] does not agree with your representation regarding Judge McCarthy's intent regarding this asset [K2R] and the miscalculation of the judgment and so I do think it goes to this substantive intent of Judge McCarthy. In fact, you indicated . . . Judge McCarthy did not intend to divide K2R and award any part of that LLC to Lori. I can't go back and look at what Judge McCarthy intended or didn't intend and I think that that is more than a clerical error and . . . that's the issue i[n] why the delay in trying to challenge that part of the ruling. It's been four years that the matter has been through multiple reviews, multiple motions to vacate multiple motions, reconsiderations, multiple appeals and this is the first time that this issue is raised . . . . I understand your argument regarding the math . . . but . . . it would have needed to be something that Judge McCarthy considered upon review of the case . . . so that's why I denied your motion because it has been so many years and it's just been too long and it hasn't been challenged before. . . . I don't think that it's fair or just to challenge it at this point when it is substantive, it does go to intent. It's not merely a clerical error and it's been so long, so that's my ruling.

CP at 68-69. Rod's attorney interjected to "clarify" that the record was clear on Judge McCarthy's intent and Mr. Hazel had "assured everybody that the [$]300,000 was not included in his math and it turns out that he was wrong . . . ." CP at 69-70.

The court acknowledged the argument but again stated "it's substantive and that's why I think it should have been challenged before." CP at 70.

The commissioner entered an order denying the motion:

> The court finds no basis to vacate the final decree entered by Judge McCarthy over four years ago, on February 17, 2017, based on an alleged mathematical error.
>
> Even if there were any error, and the court does not find [Rod] has established any error, [Rod] provides no reasonable basis for having waited over four years to bring this motion to vacate.
>
> [Rod]'s request to vacate the Divorce Decree is rooted in a substantive issue and not a clerical error.
>
> In light of the number of times that Judge McCarthy's decision has been reviewed, [Rod]'s previous CR 60 motion, multiple motions for reconsideration, [Lori]'s CR 60 motion to correct a legal description, and the appeal, [Rod] has waited too long to request relief and his motion is denied.

CP at 34-35.

### *Motion for revision*

On April 12, 2021, Rod moved for revision of the commissioner's ruling denying his CR 60 motion.

On May 21, 2021, Yakima County Superior Court Judge Kevin Naught held a hearing on the revision motion. Rod argued again that the error in the judgment is clerical. Judge Naught asked, "In this case your position is that the superior court can take a mandate or decision from the [C]ourt of [A]ppeals and change the amounts in there?" Report of Proceedings (RP) at 20. Rod answered that CR 60(a) allows correction of clerical errors at any time. The court replied, "That's not my question. That's a rule

13

for superior court. My question for you is the [C]ourt of [A]ppeals has said this is the decision, correct? So isn't it technically the [C]ourt of [A]ppeals that has to correct it if it is an issue?" RP at 20. Rod answered that the Court of Appeals did not look at the math so it had no reason to change the award.

Lori argued that there was no clerical error so CR 60(a) did not apply. She pointed out that since the decree was entered, Mr. Hazel retired and Judge McCarthy passed away. Rod appealed every aspect of this case and filed a CR 60 motion right after the judgment was filed, and the math was changed and later reviewed on motions for reconsideration and modification of maintenance. Lori argued:

> [Rod] noted that the [C]ourt [of A]ppeals didn't change the numbers that the judge ordered because they affirmed it. The appellate court would have only changed numbers if they knew there had been a mistake. The [C]ourt of [A]ppeals affirmed the decision on all seven of the appeals.
> Looking to the transcript that was filed, counsel provided proposed final documents that also included the number she now claims was improper by the judge.
> She also argues that only recently was the math for the judgment checked for accuracy and error.
> This case has been going on for almost 10 years. For the past four years it's been up on appeal. And any point before now if there was a math error, which there was not, we're not conceding there was, should have been recognized at that point.

RP at 28.

The court issued an oral ruling:

14

> I'm denying the motion for revision regarding CR 60. . . . *I don't believe*
> *that there is a mathematical error in this.* And if I have to wade into the
> thoughts of another judge, I'm reluctant to do that. *I don't see this as a*
> *clerical error. If it's an issue, it is an error of judgment.*

RP at 32 (emphasis added). The court discussed *Presidential Estates Apartment*

*Associates v. Barrett*, 129 Wn.2d 320, 917 P.2d 100 (1996), and how to decide whether

an error is judicial or clerical, and reversed its previous statement: "I think if there is a

math error—I don't think there is, but if there is it certainly is *clerical* for these

purposes." RP at 32 (emphasis added).

On May 28, 2021, the trial court entered an order denying revision. The order

indicated that the court adopted the findings of the commissioner as its own, and

provided, "If there was an error in the equalization judgment amount as calculated and

stated in the Decree, that error is a clerical on[e], based on . . . *Presidential Estates v.*

*Barrett* . . . ." CP at 99. After a block quote, the court concluded: "In this case, there is

no error in the mathematical calculation used to arrive at the judgment amount of

$1,171,200." CP at 100.

Rod timely appeals the trial court's order denying revision.

ANALYSIS

A.    STANDARD OF REVIEW

A court's decision granting or denying a CR 60(a) motion is reviewed for abuse of discretion. *Green v. Normandy Park Riviera Section Cmty. Club, Inc.*, 137 Wn. App. 665, 700, 151 P.3d 1038 (2007). "The decision will not be overturned on appeal unless it plainly appears that the trial court exercised its discretion on untenable grounds or for untenable reasons." *Shaw v. City of Des Moines*, 109 Wn. App. 896, 901, 37 P.3d 1255 (2002).

B.    CLERICAL MISTAKE

Rod argues the trial court erred by not correcting the math error. He blames the error on Lori's former attorney, who assured Judge McCarthy that his calculations did not include K2R. Lori acknowledges there is a math error in how the court totaled her assets. We agree with both parties.

The correct total for Lori in the trial court's February 27, 2017 letter ruling is $1,615,400. Subtracting $8,000—the credit card debt awarded to her—from that sum equals a total property award of $1,607,400. The correct total for Rod in the trial court's February 27, 2017 letter ruling is $3,649,800. The difference between these two totals is $2,042,400. Dividing by two for the equalization payment results in a corrected judgment

16

in Lori's favor of $1,021,200. We conclude the revision court abused its discretion when
it found there was no math error.[9]

CR 60 provides in relevant part:

> **(a) Clerical Mistakes.** Clerical mistakes in judgments . . . and errors
> therein arising from oversight or omission may be corrected by the court at
> any time of its own initiative or on the motion of any party and after such
> notice, if any, as the court orders. . . .

In *In re Marriage of Getz*, 57 Wn. App. 602, 603, 789 P.2d 331 (1990), the
dissolution decree provided that the husband's state benefits were community
property subject to division. The decree did not mention the husband's national
benefits, which the wife later moved to include in the decree pursuant to CR 60(a).
*Id.* The trial court ultimately granted the motion and modified the decree. *Id.* at
603-04. The husband appealed, and we affirmed. *Id.* at 604.

We explained the difference between errors that can be corrected under
CR 60 and judicial errors:

> "[I]f the trial judge signs a decree, through misplaced confidence in the
> attorney who presents it, or otherwise, which does not represent the court's
> intentions in the premises, an error contained therein may be corrected
> under Rule 60. . . .

---

[9] In fairness to the revision judge, Rod focused more on his assertion that Lori's
former attorney misrepresented his calculations to Judge McCarthy. Although true, it
confusingly diverted the trial court from the more important task: taking a calculator and
adding the numbers in Lori's property award column.

A comparison of the clear evidence adduced on the trial and the findings of fact with the provisions of the judgment or decree entered may reveal that the error was clerical. But . . . where the 'correction' is contrary to the court's findings and contrary to . . . other clear evidence, Rule 60(a) may not be applied to correct the error."

*Id.* (alterations in original) (quoting 4 LEWIS H. ORLAND, WASH. PRACTICE: RULES PRACTICE § 5712, at 540 (3d ed. 1983)). Thus, the test for clerical error is whether the judgment, based on the record, embodies the trial court's intent.[10] *Id.*

Here, two things are clear from Judge McCarthy's February 2017 corrected decision. First, there is a math error in Lori's column. Her property award totals $1,607,400, not $994,400. This is a significant discrepancy. Second, the trial court did not intend for K2R to be included in the equalization calculation. This is apparent from the trial court's statement during the February 2017 hearing and by its corrected letter ruling that omitted K2R from the calculation. We conclude the trial court committed a math error and a correct calculation results in an

---

[10] The *Getz* court noted the record was insufficient to review whether the decree embodied the trial court's intent, but found it significant that the same judge presided over the wife's motion and could recall his original intent to award both pensions to the community. 57 Wn. App. at 605.

Lori argues *Getz* supports her position that Rod waited too long to bring his motion because Judge McCarthy has since passed and we cannot know his original intent. We disagree. Unlike in *Getz*, here the record *is* sufficient to review whether the decree embodied Judge McCarthy's intent—it did not. He specifically stated that K2R would be excluded from division. It is therefore irrelevant which judge corrects the clerical error.

equalization judgment in Lori's favor in the amount of $1,021,200, not

$1,171,200. This error falls within the purview of CR 60(a). *See In re Marriage*

*of King*, 66 Wn. App. 134, 138, 831 P.2d 1094 (1992) (holding that a math mistake

leading to an error in the judgment calculation is clerical and subject to correction

under CR 60(a)).

Lori raises several arguments why we should leave the equalization judgment

unchanged. Most of her arguments contradict the obvious fact, admitted by her, that there

is a math error that has never been ruled on by Judge McCarthy or this court.

One argument, not inconsistent with this fact, is that Rod should have brought his

motion to correct the equalization judgment earlier, when Judge McCarthy was alive and

could have ruled on it. We agree. And if we had any doubt whether Judge McCarthy

committed an unintentional math error, we would affirm. But, as previously explained,

we have no doubt.

An appellate court may grant a party's tardy request to have a trial court correct an

apparent clerical error in a judgment. *In re Rights to Yakima River Drainage Basin*, 177

Wn.2d 299, 349, 296 P.3d 835 (2013). We remand for the trial court to correct the

equalization judgment to reflect Judge McCarthy's clear intent: $1,021,200.

C.      ATTORNEY FEES

Both parties request attorney fees on appeal.

RAP 18.1 permits this court to award fees on appeal, upon request, when applicable law grants the party the right to recover reasonable attorney fees.

Rod requests fees and asserts he was forced to appeal because of the trial court's error and because Lori would not agree to a corrected judgment. He cites no authority to support his argument. A party requesting attorney fees on appeal must provide legal authority supporting why they are entitled to fees under RAP 18.1. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998). Because Rod has failed to provide legal authority in support of his request for fees, we deny it.

Lori requests fees pursuant to RCW 26.09.140. That statute permits an award of fees on appeal and directs the court to consider the financial circumstances of the parties. In her timely filed declaration, Lori states that Rod has failed to pay court-ordered maintenance since September 2019 and that the amounts she received, apart from attorney fee judgments, are less than the interest earned on the equalization award. She states, "Regrettably, my financial situation has not changed, and if anything has gotten worse . . . ." Financial Decl. of Resp't, *In re Marriage of Van de Graaf*, No. 38273-7-III (Wash. Ct. App. May 27, 2022). Subject to her continued compliance with

20

RAP 18.1, we grant Lori's request for reasonable attorney fees on appeal. The amount of the fee award will be decided by a court commissioner. RAP 18.1(f).

D.    RAP 18.9(a)

Lori requests that this court prohibit Rod from filing any more appeals or pleadings until he satisfies the judgments against him. She cites RAP 18.9(a) in support of her request, which states: "The appellate court may condition a party's right to participate further in the review on compliance with terms of an order or ruling including payment of an award which is ordered paid by the party."

Lori argues that Rod has used the appellate process for delay and to place unjustified burdens on her. We note that Lori has unsatisfied judgments in her favor. She may institute collection actions to recover amounts owed, plus interest and costs. An appeal does not preclude a collection action unless the appealing party files a supersedeas bond in an amount ordered by the trial court. *See* RAP 8.1. To the extent the judgment on appeal is affirmed, a condition of the bond requires the surety to pay the judgment, up to the bond amount.

For this reason, we do not view these appeals as delaying collection of amounts owed. And to the extent they have burdened Lori with attorney fees, we have remedied

21

No. 38273-7-III
*In re Marriage of Van de Graaf*

this with appropriate awards. We deny Lori's request to prevent Rod from filing any more appeals or pleadings.

Reversed and remanded for entry of a corrected equalization judgment.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, A/C.J.

WE CONCUR:

_____          _____
Fearing, J.                                                    Staab, J.

22